## HELEN F. LOVELAND *vs.* EDWIN COOLEY.

Argued Nov. 21, 1894.   Reversed Dec. 6, 1894.

### No. 9075.

**Case and Bill of Exceptions, when served settled and allowed.**

After an appeal from an order denying a motion for a new trial, made on the judge's minutes, is taken, a supersedeas appeal bond is filed, and the time to settle a case or bill of exceptions has expired, the trial court may grant leave to serve a proposed case or bill of exceptions, extend the time to settle, and settle and allow the same.

**Duty of a first mortgagee to protect a second incumbrance.**

The rule applied that, where first and second chattel mortgages cover the same property, the holder of the first, having actual notice of the

existence of the second, cannot release property covered by the first, but not by the second, to the prejudice of the holder of the second mortgage.

### Disclosure of evidence given before a grand jury.

A grand juror is not competent to testify in a civil case as to the statements of a witness before the grand jury.

### Statements of a party to the action made before a grand jury.

A party to an action may be questioned on cross-examination as to a statement made by him when a witness before a grand jury, at least when such statement is not merely impeaching matter, but the admission of a fact material in the case.

Appeal by defendant, Edwin Cooley, from an order of the District Court of Hennepin County, *Robert D. Russell*, J., made March 6, 1894, denying his motion for a new trial.

On November 24, 1888, Frederick G. Mayo borrowed $1,000 of the plaintiff, Helen T. Loveland, a music teacher of Minneapolis, and gave her his note for it, bearing eight per cent interest and due one year thereafter. He secured the payment by his mortgage to her on his horses, cattle, farm machinery, hay and grain in the town of Fridley in Anoka county. He failed to pay the interest and on August 8, 1890, plaintiff renewed the loan and let him have $60 more and took his two notes for $600 each, bearing interest at eight per cent a year, the first due in one year and the other in two years from that date. He secured these notes by a mortgage on the same chattels and others and it was duly filed. On August 6, 1892, Mayo paid the interest on the notes and gave her two new notes for the debt, each for $600 bearing the same rate of interest and due one in six months and the other in a year thereafter. He secured these notes by a new mortgage on the same chattels and others and it was duly filed. Neither of the old mortgages was discharged of record.

Meantime, on April 30, 1891, Mayo gave to defendant Cooley his note for $200 due in ninety days thereafter and secured it by a mortgage to him on three horses, a wagon and harness. This property was covered and conveyed by each of the three mortgages to the plaintiff. This mortgage to defendant was duly filed on May 6, 1891. In April, 1893, Mayo with plaintiff's consent sold a part of the chattels covered by her mortgage, but not by defendant's mort-

gage and out of the proceeds paid to plaintiff $450 upon her notes and mortgage.

On September 20, 1893, defendant took the three horses, wagon and harness covered by his mortgage and under it advertised them for sale. Plaintiff commenced this action of replevin September 27, 1893, and the sheriff took this property from defendant and delivered it to plaintiff, she claiming it under her second mortgage given August 8, 1890. The defendant answered and the issues were tried January 4, 1894. The facts above stated were shown in evidence. Defendant then offered to prove that plaintiff knew of his mortgage at the time it was given April 30, 1891. He further offered to show that in April, 1893, Mayo, with plaintiff's consent, sold chattels covered by her mortgage, but not by his, sufficient in value to have paid her claim in full. The offers were opposed and the evidence excluded. Defendant excepted to the ruling.

The defendant then called the plaintiff as a witness for cross examination under Laws 1885, ch. 193, as amended by Laws 1893, ch. 105, and proposed to prove by her that she was a witness before the grand jury in the fall of 1893 and there stated that she consented at the time it was given that the mortgage to Cooley should be prior to hers on the horses, wagon and harness. The plaintiff objected on the ground that whatever transpired before the grand jury is privileged. The court sustained the objection and excluded the evidence. Defendant excepted to the ruling. Defendant then offered to show by one of the grand jurors what plaintiff testified to before that body, but on objection being made it was excluded and defendant excepted to the ruling. The jury returned a verdict for the plaintiff that she is entitled to the possession of the three horses, wagon and harness.

On February 24, 1894, defendant moved the court on notice and the minutes of the Judge and stenographer for a new trial, but was refused by order entered March 6, 1894. From that order defendant took this appeal on March 10, 1894. Upon an order to show cause the trial court after hearing the parties granted an order March 24, 1894, allowing defendant until March 27, 1894, to make and serve a proposed case containing exceptions and giving plaintiff ten days thereafter in which to propose amendments and staying all other proceedings in the action until April 14, 1894. The case

was made and served on the day limited, but it was immediately returned and no amendments were proposed. It was settled, signed and filed on notice on April 14, 1894, and a copy was included in the return to this court. The plaintiff moved this court on notice at the argument to strike the certified copy of the case out of the return because it was not served within the time prescribed by 1878 G. S. ch. 66, § 255; and because jurisdiction of the action by the court below was suspended by the appeal taken before the case was proposed and settled.

*Castner & Davis,* for appellant.

The last two notes given were taken in payment of the former notes. The taking of new notes and a mortgage on other and additional property could be nothing else in law than the giving of a new mortgage and was not a renewal. *Walters* v. *Walters,* 73 Ind. 425; *Marsden* v. *Cornell,* 62 N. Y. 215.

No proper demand of the property was made before suit commenced. The mere fact that defendant claimed the property on the trial did not relieve plaintiff of the burden of making out a *prima facie* case. A demand was necessary before issuing the writ of replevin. *Underwood* v. *Tatham,* 1 Ind. 276; *Darling* v. *Tegler,* 30 Mich. 54; *Peters* v. *Parsons,* 18 Neb. 191.

Had plaintiff applied the proceeds received from the sale of the other mortgaged property upon her claim, this suit would have been avoided. This is what the law and equity demanded of her and if she did not do it she cannot take from defendant the property mortgaged to him. It was enough to show that enough had been disposed of to pay her debt had it been applied to that end. On the giving of a second mortgage, the property not covered by such second mortgage is primarily liable for the payment of the first mortgage. *Guion* v. *Knapp,* 6 Paige, 35; *Johnson* v. *Williams,* 4 Minn. 260; *Benton* v. *Nicoll,* 24 Minn. 221; *Ingalls* v. *Morgan,* 10 N. Y. 178; *Cheesebrough* v. *Millard,* 1 John. Ch. 409.

What the plaintiff said before the grand jury was competent evident against her on this trial. Defendant should have been allowed to show her statements by examining her and the grand juror. If it becomes necessary to the attainment of justice and vindication of truth and right in a judicial tribunal that the testi-

mony of prosecutors and witnesses shall be inquired into, there is no reason why it should not be done. 1878 G. S. ch. 104, § 41. *Bressler* v. *People*, 117 Ill. 422; *State* v. *Benner*, 64 Me. 267; *State* v. *Fasset*, 16 Conn. 457; *Commonwealth* v. *Mead*, 12 Gray, 167; *Burdick* v. *Hunt*, 43 Ind. 381; *Commonwealth* v. *Hill*, 11 Cush. 137; *Burnham* v. *Hatfield*, 5 Blackf. 21.

*Rea, Hubachek & Healy,* for respondent.

The case should be stricken out of the return. It was not until after his appeal had been perfected and the statutory time had expired, that defendant attempted to have a case or bill of exceptions settled. Even then there was no attempt to show any mistake or surprise on his part or any excusable neglect. When a motion is made to set aside a verdict upon the minutes, under 1878 G. S. ch. 66, § 254, the case or bill of exceptions in the event of an appeal must be proposed and settled within the time and in the manner prescribed in § 255. *Van Brunt & W. Mfg. Co.* v. *Kinney,* 51 Minn. 337; *State ex rel.* v. *Young*, 44 Minn. 76; *St. Paul & D. R . Co.* v. *Village of Hinckley*, 53 Minn. 102; *McArdle* v. *McArdle*, 12 Minn. 122.

The taking of a new note and mortgage in exchange for the original note and mortgage, does not discharge the mortgage. *Watkins* v. *Hill*, 8 Pick. 522; *Cadwell* v. *Pray*, 41 Mich. 307; *Daly* v. *Proetz*, 20 Minn. 411.

The other questions discussed by appellant in his brief are not in this case.

CANTY, J. 1. On January 5, 1894, plaintiff had a verdict. February 24th a motion for a new trial was made by defendant on the judge's minutes, and denied on March 6th. On March 12th he appealed to this court from the order denying the motion, and filed a supersedeas appeal bond. Thereafter, on March 24th, on motion made on notice, an order was made extending defendant's time to serve a proposed case, and settle a case. Pursuant to this, defendant served a proposed case, which was returned by plaintiff. Plaintiff proposed no amendments, and on April 14, 1894, on proper notice, the court settled the case.

The respondent, on the authority of *Van Brunt & W. Mf'g. Co.* v. *Kinney*, 51 Minn. 337, (53 N. W. 643,) moved this court to strike the settled case out of the return. In that case, after the time to settle a case had expired, the appellant served a proposed case, when he had no right or authority to do so. No order was made extending his time, or giving him leave to serve it. The respondent returned it, as he had a right to do, but the court settled the case. This court struck it out for the reason that respondent had no opportunity to serve proposed amendments to a proposed case, which he was obliged to recognize, or appellant had a right to serve.

This is not such a case. Here the appellant obtained a right to serve his proposed case before he served it. The court below had jurisdiction to settle the case after an appeal from the order had been taken to this court even though a supersedeas bond had been given on the appeal. See *Pratt* v. *Pioneer Press Co.*, 32 Minn. 217, (18 N. W. 836, and 20 N. W. 87.)

2. This is an action of replevin, between the holders of different chattel mortgages on the same property. In November, 1888, plaintiff loaned one Mayo $1,000, and took from him his note for the amount, secured by a chattel mortgage. On August 8, 1890, she loaned Mayo $60 additional, and this, with the principal and interest then due on said note, amounted to $1,200, for which he gave her new notes, secured by a new chattel mortgage. On August 6, 1892, he gave her new notes for $1,200 for this same indebtedness, secured by a new chattel mortgage. She has always retained all of the notes, and has never made any written satisfaction of any of these mortgages.

In April, 1891, between the making of said second and third chattel mortgages, Mayo, being indebted to the defendant in the sum of $200, gave defendant his note therefor, secured by a chattel mortgage on the three horses, wagon, and harness, for the recovery of which this action is brought. The three mortgages to plaintiff covered this same property, and also some other stock and property. All of these chattel mortgages were properly filed of record immediately after their execution.

The defendant's mortgage is prior to the third mortgage of plaintiff, and defendant contends that the giving to plaintiff of her third mortgage, and notes secured by it, was a payment and satisfaction

of the first two mortgages given to plaintiff, and that, therefore, defendant's mortgage is the first lien. Plaintiff contends that this third mortgage is a mere renewal of her first and second, and not intended as a payment of her first or second, which she claims are still in force, and prior to defendant's mortgage. The filing of plaintiff's first mortgage having, under the statute, ceased to be constructive notice when defendant took his mortgage, the court left it to the jury to determine whether or not plaintiff's third mortgage was by her and Mayo intended as a payment of her second mortgage. The jury found for plaintiff. We cannot agree with appellant that the evidence does not sustain the verdict.

On the trial, plaintiff called Mayo as a witness, and on cross-examination he testified that in April, 1893, he paid $450 on plaintiff's note; that, with her permission, he sold some of the property covered by her mortgages, and paid her this $450 out of the proceeds, but stated that he did not say that $450 was all of the proceeds, but that was what he paid her. He was then asked if he sold other stock, the proceeds of which he did not turn over to her. The objection that this was incompetent and irrelevant and immaterial was sustained, and this is assigned as error.

Defendant introduced evidence tending to prove that plaintiff had actual knowledge of defendant's mortgage at and since the time it was made. Defendant then offered evidence to prove what stock covered by plaintiff's mortgage Mayo sold. The same objection was made and sustained. Defendant's counsel then stated, in substance, that his object was to prove that, of the property covered by her first two mortgages, and not covered by his, she had sold sufficient to satisfy her debt, after knowing of his mortgage. The court ruled this evidence incompetent, and this is assigned as error.

Plaintiff was then recalled for cross-examination, and stated that she did not give Mayo permission to sell and dispose of this property as he pleased,—only as he counseled with her. She was also asked how much he disposed of, to her knowledge, and the same objection was sustained, and this is assigned as error. We are of the opinion that all of these assignments of error are well taken. "A senior mortgagee, having actual notice of a junior mortgage of the same property, cannot release that portion of the property not covered by his mortgage, so as to throw the whole burden of his mortgage upon

the property covered by the junior mortgage; and, if he does, the value of the part of the property so released will be deducted from the amount due upon the senior mortgage, before this can be charged upon the property covered by the junior mortgage." Jones, Chat. Mortg. § 493. See, also, Jones, Mortg. §§ 722, 723.

The trial court, in his memoranda to the order denying the motion for a new trial, states that this proposition of law does not apply; that the holder of the first mortgage cannot be compelled to account to the holder of the second mortgage for the property thus released unless there was a showing of prejudice to the second mortgagee by reason thereof. However this may be, it does not excuse the errors complained of. The defendant was at least entitled to ascertain the amount of the property so released, and the identity of the same, as one step in the process of proving that he was prejudiced.

3. One of the grand jurors of a prior term of the court was called by defendant as a witness, and was asked what plaintiff stated before the grand jury, in his presence, as to her mortgage and defendant's. The objection to the question was properly sustained. The witness was incompetent. 1878 G. S. ch. 107, §§ 40, 41; *In re Pinney's Will*, 27 Minn. 283, (6 N. W. 791, and 7 N. W. 144.)

4. Plaintiff was asked on cross-examination whether she did not state before the grand jury that, when defendant's mortgage was given, she consented to its being prior to her mortgage. We are of the opinion that the question was competent, and the witness was not, like the grand juror, incompetent. Neither was the question a mere impeaching one, but called for an answer which might disclose the admission of a fact material in the case. The fact that it might not be possible to contradict her answer, if unfavorable, did not render it incompetent, and it was error to sustain the objection.

These are all the points raised, worthy of consideration, and the order appealed from is reversed, and a new trial granted.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 138.)