JOHN H. BOCK and Another v. SAUK CENTER GROCERY COM-
PANY and Others.[1]

January 18, 1907.

Nos. 15,086—(206).

**Appeal—Supersedeas Bond.**

> This court has jurisdiction, after an appeal to it has been perfected,
> to direct the appellant to give a new supersedeas bond, and, in case
> of his default, to vacate the stay whenever it is made to appear that the
> original bond is clearly insufficient.

Order of the supreme court directing the defendants to show cause
why they should not be required to file a new supersedeas bond in their
appeal from an order of the district court for Stearns county, Baxter,
J., granting a motion for a temporary injunction. Order directing de-
fendants to give a supersedeas bond in the sum of $5,000, or, in case of
default, that the stay of the order appealed from be vacated.

*Daniel W. Lawler, J. D. Sullivan,* and *Parsons & Brown,* for appel-
lants.

*Theo. Bruener* and *Reynolds & Roeser,* for respondents.

START, C. J.

This action was commenced in the district court of the county of
Stearns to prevent the carrying into effect of an alleged scheme by the
defendants, as minority stockholders in a domestic corporation known
as the "Sauk Center Grocery Company," to obtain control of a majority
of the capital stock of the corporation and of its property by a fraudu-
lent issue of new stock.

The plaintiffs made a motion for a temporary injunction restraining
the defendants, during the pendency of the action, from issuing, selling,
delivering, or otherwise disposing of any of the capital stock of the cor-
poration and from holding any corporate meeting. The trial court,
after notice to the defendants, and upon a full hearing of the matter
on the merits, made its order directing that such temporary injunction
issue and that the defendants be so restrained.

[1]Reported in 110 N. W. 257.

Thereupon the defendants appealed to this court from the order, and gave an undertaking in the sum of $300, approved by the trial judge, which was in legal effect a cost and supersedeas bond in one instrument. A return on such appeal was made and filed in this court. Thereupon the plaintiffs obtained from this court an order on the defendants to show cause why they should not be required to make and file a sufficient supersedeas bond or undertaking. The defendants appeared in response to the order, and challenged the jurisdiction of the court to require such additional bond for the reason that the authority to determine the sufficiency of a supersedeas bond is vested in the district judge, that the jurisdiction of this court is only appellate and that it can only review the action of the district court in the ordinary way on appeal. It is true that, except in such remedial cases as may be prescribed by law, the jurisdiction of this court is only appellate and that it can and will review only such questions as have been presented to, and ruled upon, by the court below and brought to this court by appeal or other appropriate method. Johnson v. Howard, 25 Minn. 559. It is also true that, when an appeal with a stay has been taken to this court and the return has been made and filed in this court, the jurisdiction of this court attaches, and that of the district court is suspended as to all matters necessarily involved in the appeal. La Crosse & M. Packet Co. v. Reynolds, 12 Minn. 135 (213); Pratt v. Pioneer Press Co., 32 Minn. 217, 18 N. W. 836, 20 N. W. 87; Briggs v. Shea, 48 Minn. 218, 50 N. W. 1037.

We have, then, a case where jurisdiction of the subject-matter of the appeal has vested in this court, and, as an incident to such appeal, further proceedings in the district court pending the appeal are stayed by virtue of a supersedeas bond, which the respondents, with reason, insist is obviously insufficient and that, unless a proper one is given, they will sustain serious loss.

Assuming that the bond is insufficient as claimed, what is the remedy? A somewhat similar question was presented for our consideration in the case of Reichel v. Mooney, 97 Minn. 536, 106 N. W. 1133, in which the plaintiff had a verdict for $5,500, and the defendant appealed from an order denying his motion for a new trial. The defendant gave a bond for $250 which purported to be both a cost and supersedeas bond. This bond was approved by the trial judge, and the plaintiff made a motion in this court for leave to enter judgment on the verdict on the

ground that the bond was insufficient in amount to operate as a supersedeas, it being only for the amount necessary to constitute a cost bond, the giving of which was absolutely essential to render the appeal effectual for any purpose. R. L. 1905, § 4366. This court was of the opinion that the bond, having been approved by the trial judge, would operate according to its terms as both a cost and supersedeas bond. And further, that the amount of the bond was so manifestly insufficient in view of the amount of the verdict as to justify the inference that it had been approved inadvertently under the impression that it was intended as a cost bond only, as its amount would indicate. The case, for this reason, was remanded temporarily to the district court for the purpose of permitting an application to that court for an order requiring the appellant to give an additional supersedeas bond.

Such a remedy at best is a clumsy one and limited to the particular cases where it is apparent that the action of the trial court in approving the bond was due to inadvertence. In its opinion in the case cited the court stated, obiter, that this court was "without authority to declare it insufficient in view of the fact that the trial court is alone vested with authority to fix the amount of such bonds." A further consideration of the question has led us to the conclusion that the court may, in a clear case, direct the appellant to give a new or additional supersedeas bond within a time limited or, upon his default, to vacate the stay.

The statute, R. L. 1905, § 4367, provides that an appeal from an order shall stay all proceedings thereon and save all rights if the appellant gives a bond in such sum as the trial judge, or, in case he cannot act, the court commissioner or the clerk of the court directs and approves. The ease with which an appellant under this statute can procure an approval of a stay bond wholly insufficient in amount and the fact that, after an appeal has been taken and return made to this court, the district court has no jurisdiction to require an additional bond or vacate the stay suggest the necessity for a prompt and practical remedy for the protection of the rights of the respondent pending an appeal. The exclusive jurisdiction of this court over the subject-matter of the appeal pending the appeal carries with it, as a necessary incident, the power to protect the rights of the parties pending the appeal in the subject-matter thereof.

Such power on the part of an appellate court has been recognized by the supreme court of the United States. In Jerome v. McCarter, 21 Wall. 17, 22 L. Ed. 515, it was held that the discretion of the judge below in approving a supersedeas bond would not be interfered with by the supreme court, but if, for any reason, the security became insufficient after approval, the supreme court would make such order for the protection of the parties as justice required. In Railroad Co. v. Schutte, 100 U. S. 644, 25 L. Ed. 605, it was held that the supreme court had the power to vacate a supersedeas when the approval of the bond by the judge below was obtained by fraud, and that the supreme court in its discretion might permit a new bond to be filed but would not do so if the appellant had knowledge of the fraud. In Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121, it was held that the power of the justice over the appeal and security was exhausted when he signed the citation and approved the bond, and from that time the control of the supersedeas, as well as the appeal, was transferred to the supreme court. In Parks v. Murray, 109 N. Y. 646, 16 N. E. 485, it was held that, after an appeal had been perfected, the authority to require a new bond was vested exclusively in the appellate court. See, further, People v. Circuit Judge, 33 Mich. 111; Pulte v. Wayne Circuit Judge, 47 Mich. 646, and Kountze v. Erck, 45 Neb. 288, 63 N. W. 804.

It is to be noted that the cases cited from the supreme court of the United States limit the power of the appellate court to require a new bond, or, in default, to vacate the supersedeas, to cases where, after the bond had been approved, the circumstances of the case or of the parties or of the sureties had changed, or the approval had been secured by fraud.

The cases are not strictly in point for the method of review in the supreme court of the United States is different from that in the supreme court of this state. The cases, however, support the proposition that an appellate court has the power, as a necessary incident to the exercise of its appellate jurisdiction, to protect the parties and their interests in the subject-matter of the appeal pending the appeal.

Under our appellate procedure no reason occurs to us why this power to protect the parties and their interests pending the appeal should be limited; on the contrary, we are of the opinion that it ought to be as broad as the necessities of justice in each particular case. Any rule

which would permit an appellant to secure the approval of a supersedeas bond in a mere nominal amount from the judge or the court commissioner or the clerk, as the case might be, and prevent this court, after sole jurisdiction of the appeal has been vested in it, from vacating the stay in default of a proper bond, leaving the respondent remediless and exposing him to a probable loss of thousands of dollars would be a reproach upon the administration of justice. Such cannot be the law of this state.

We accordingly hold that this court has jurisdiction, after an appeal to it has been perfected, to direct the appellant to give a new supersedeas bond, or, in case of his default, to vacate the stay, whenever it is made to appear that the original bond is clearly insufficient, and that the respondent's rights will be jeopardized if such relief be not granted. It is perfectly obvious that this power ought to be exercised in this case. The original bond was for $300, or only $50 more than the amount necessary to make it a sufficient cost bond. The doing of the acts by the appellants which they were restrained from doing by the order appealed from might and probably would involve a loss to the respondents of several thousand dollars, if the allegations of their complaint are true.

The bond is palpably insufficient in amount, and it is ordered[2] that the appellants make and file in the office of the clerk of the district court of the county of Stearns, on or before January 7, 1907, a supersedeas bond in the sum of $5,000, to be approved by the judge of that court or the court commissioner.

Ordered further, that if the appellants fail to file such bond within the time limited, such failure shall operate to vacate the stay of the order appealed from without other act on the part of the court.

[2] Order entered January 3, 1907.