# STATE ex rel. E. F. KELLY v. ARTHUR B. CHILDRESS.[1]

### December 4, 1914.

### No. 19,164.

**Settlement of case.**

A trial court has jurisdiction to settle and allow a case after an appeal has been taken from an order denying a new trial. Loveland v. Cooley, 59 Minn. 259, 61 N. W. 138. The rule was not changed by G. S. 1913, § 7996. [Reporter.]

Upon the relation of E. F. Kelly this court granted its order directing Honorable Arthur B. Childress, as judge of the district court for Rice county, to show cause why a peremptory writ of *mandamus* should not issue commanding him to settle a proposed case in the action entitled State ex rel. Klemer v. Kelly. Writ granted.

*Lucius A. Smith* and *Anson L. Keyes,* for relator.
*E. H. Gipson* and *Robert Mee,* for respondent.

PER CURIAM.

In the proceeding entitled State ex rel. Klemer v. Kelly, in the court below, judgment was ordered in favor of relator. Defendant therein moved for a new trial, which motion the court denied. Defendant promptly appealed, and a certified copy of the bond and notice of appeal was transmitted to this court. The appeal was so taken on October 3, 1914. Thereafter and on October 5, 1914, defendant served a proposed case upon relator, to which no amendment was proposed. The proposed case was upon proper notice presented to the trial judge for allowance on October 22, 1914. The court refused to hear the matter or to settle the case on the sole ground that the appeal to this court from the order denying a new trial divested the district court of further jurisdiction, and hence that the court was without authority to act in the matter. This proceeding was thereafter brought to compel the trial court to settle the proposed case, and sign and certify the same as containing a correct record of the pro-

[1] Reported in 149 N. W. 550.

ceedings had on the trial. On the hearing in this court respondent moved to dismiss the proceeding on the ground that the court below had no jurisdiction to act because of the fact that the appeal had deprived it of further authority in the case.

It was held in Loveland v. Cooley, 59 Minn. 259, 61 N. W. 138, that the trial court has jurisdiction to settle and allow a case after an appeal has been taken from an order denying a new trial. The decision there rendered disposes of the question in the case at bar. The rule there announced was not changed, as contended by counsel, by chapter 55, p. 47, Laws 1913 (G. S. 1913, § 7996).

It is therefore ordered that respondent proceed, upon proper notice, to hear the parties upon an application to settle the case, and make such order in the premises as shall conform to the facts and be consistent with the statutes in such cases provided.