## STATE EX REL. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY AND OTHERS v. DISTRICT COURT OF HENNEPIN COUNTY AND OTHERS.[1]

February 2, 1917.

Nos. 20,266—(310).

**Judgment — vacating stay — jurisdiction of court.**

Relator appealed from an order of the Railroad and Warehouse Commission to the district court and judgment was entered in that court affirming the order. Relator then appealed to the supreme court, which affirmed the judgment of the district court. Relator then obtained a writ of error to the Supreme Court of the United States, and gave a *supersedeas* bond of $30,000 which was approved and filed. Pending the appeal to the supreme court, the district court stayed the judgment on condition relator gave a bond of $2,500, conditioned as required by G. S. 1913, § 4200. After the decision in the supreme court, the district court on motion vacated its stay and relator obtained a writ of prohibition. *Held*: In such proceedings an appeal from the district court to the supreme court does not effect a stay of the judgment, nor does an appeal bond. There is no stay unless ordered by the court, and for such order an appeal bond as required by section 4200 is necessary. The district court had jurisdiction at any time to effect a stay, and that power was not vacated by the writ of error and *supersedeas* bond. [Reporter.]

Minneapolis Civic and Commerce Association filed a complaint with the Railroad and Warehouse Commission claiming that certain switching charges on intrastate shipments imposed by the Minneapolis Eastern Railway Company were unlawful. The charges were held unlawful by the commission, and the order of the commission was affirmed by the district court for Hennepin county and by the supreme court. See 134 Minn. 169, 158 N. W. 817. Pending the appeal from the order of the commission, the district court stayed

[1]Reported in 161 N. W. 164.

the judgment until the determination of the appeal or the further order of that court. The subsequent proceedings are stated in the opinion. Upon relation of Chicago, St. Paul, Minneapolis & Omaha Railway Company, Chicago, Milwaukee & St. Paul Railway Company and Minneapolis Eastern Railway Company, the supreme court granted its alternative writ of prohibition directed to the district court of Hennepin county, Honorable C. W. Leary, a judge thereof, and Minneapolis Civic and Commerce Association. Writ quashed.

*James B. Sheean, George W. Peterson, F. W. Root, O. W. Dynes* and *W. H. Norris,* for relators.

*Lyndon A. Smith,* Attorney General, and *Frank J. Morley,* for respondents.

PER CURIAM.

Prohibition directed to the district court of Hennepin county.

On March 13, 1916, the district court of Hennepin county on appeal by the relators from an order of the Railroad and Warehouse Commission entered judgment affirming the order. This judgment determined that certain charges exacted by the relators were unlawful. The relators appealed to this court. The papers on appeal were filed on March 27, 1916. There was no appeal bond on this appeal. It was waived. On April 6, 1916, the court made an order staying the judgment until the determination of the appeal, or the further order of the court, upon condition that the relators give a bond in the sum of $2.500 conditioned as required by G. S. 1913, § 4200. This statute provides in effect that an appeal shall not stay the operation of the judgment in such a proceeding as that here involved, unless the district court or supreme court so directs, and unless the carriers appealing give a bond conditioned that they will refund to the persons entitled thereto any amounts received above the amounts finally fixed by the court as the proper amounts. On July 21, 1916, the judgment of the district court was affirmed by this court. On August 23, 1916, a writ of error to review the judgment was allowed. A *supersedeas* bond in the sum of $30,000 was approved and filed on August 25, 1916. On December 7, 1916, the district court, upon motion, vacated the stay of April 6, 1916. It has suspended the operation of this order, but unless prohibited will put it into effect.

The only question is whether the court had jurisdiction on December 7, 1916, to vacate the stay of April 6, 1916. The effect of an appeal from the district court to the supreme court in a proceeding like this is not to stay the judgment. An appeal bond does not have that effect. There is no stay unless one is ordered by the court and it can be ordered only upon the giving of such a bond as is required by G. S. 1913, § 4200. The district court at any time after the appeal and when it was pending in this court could have vacated the stay. We are unable to see how the writ of error and *supersedeas*

affected the power or jurisdiction of the district court. The matter of a stay was a matter collateral to the judgment. The district court had jurisdiction to vacate it. This disposes of the case.

Writ quashed.