GAMET, Respondent, v. ALLENDER et al, Appellants.

(208 N. W. 782.)

(File No. 5607.    Opinion filed May 5, 1926.)

1. **Appeal and Error—Appellate Court May, Without Express Statutory Authority in Proper Case, Stay Proceedings Pending Appeal.**

     Appellate court has inherent power to preserve status quo pending appeal, and may, without express statutory authority in proper case, stay proceedings.

2. **Appeal and Error—Supersedeas—Where Amount of Undertaking Set by Trial Court to Stay Proceedings Pending Appeal Was Given, Supreme Court Cannot Require Additional Bond or Vacate Stay, in Absence of Fraud, Inadvertence, or Mistake (Rev. Code 1919, Secs. 3156, 3162).**

     Where amount of undertaking to stay proceedings pending appeal was set by trial court under Rev. Code 1919, Sec. 3156, and undertaking was given, Supreme Court is without jurisdiction to require additional bond or to vacate stay, in absence of fraud, inadvertence, or mistake; section 3162 being inapplicable.

3. **Appeal and Error—When Trial Court Has Fixed Amount of Undertaking to Stay Proceedings Pending Appeal, the Stay Is Final, Except Where Otherwise Provided by Statute (Rev. Code 1919, Sec. 3156).**

     When trial court has fixed amount of undertaking to stay proceedings pending appeal under Rev. Code 1919, Sec. 3156, the stay is final, except where otherwise provided by statute.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 477, 3 C. J. Sec. 1409; (2) Appeal and error, Key-Nos. 475, 482, 3 C. J. Secs. 1440 (Anno.), 1442 (Anno.); (3) Appeal and error, Key-No. 482, 3 C. J. Sec. 1440 (Anno.).

Power of appellate court to require new supersedeas or appeal bond, see note in 9 L. R. A. (N. S.) 1054.

Appeal from Circuit Court, Fall River County; HON. WALTER G. MISER, Judge.

Action by Joel M. Gamet against Benjamin L. Allender and others. Judgment for plaintiff, and defendants appeal. On application for an order of the Supreme Court vacating an order of the circuit court, staying proceedings unless respondent gives additional undertaking. Application denied.

*Eastman & Eastman,* of Hot Springs, for Appellants.
*Wilson & Wilson, of Hot Springs,* for Respondent.

BURCH, C. The above-entitled action is now pending before this court on appeal, and respondent seeks an order of this court vacating an order of the circuit court staying proceedings, unless appellants shall give an addition undertaking in the penal sum of $10,000. The action was commenced in the circuit court of Fall River county to foreclose a real estate mortgage. The trial court rendered judgment in favor of respondent, and on application of appellants fixed the amount of a supersedeas bond to stay proceedings on appeal in the sum of $4,500, conditioned to pay any deficiency which may arise on the sale of the real property involved. The additional bond is sought, not because of any defect in the bond given, or because of the insolvency of the sureties, but solely because it is claimed the amount fixed by the trial court is not sufficient in amount to secure respondent, in the event of the affirmance of the judgment. No objection was made to the sufficiency of the amount of the undertaking at the time it was given, but it is claimed to be insufficient now because of delay in perfecting the appeal and obtaining a decision in this court. The jurisdiction of this court to make the order is challenged. There is no express statutory provision conferring such jurisdiction.

[1, 2] It has long been recognized that an appellate court has inherent power to preserve the status quo pending the appeal, and may without express statutory authority in a proper case stay proceedings pending appeal. It is not so well settled that an appellate court may vacate an order of an inferior court staying proceedings. The power is recognized in the case of Bock v. Sauk Center Grocery Co., 110 N. W. 257, 100 Minn. 71, 9. L. R. A. (N. S.) 1054, 10 Ann. Cas. 802, but in that case the super-

sedeas sought to be vacated was a bond staying an injunction. Vacating the stay had the effect to preserve the status quo. In another case the Minnesota court temporarily remanded the case to the district court because the bond was insufficient in amount; it appearing that the penalty was so "manifestly insufficient in view of the amount of the verdict as to justify the inference that it had been approved inadvertently." The court, in discussing this case in Bock v. Sauk Center Grocery Co., concludes that to remand to the district court temporarily is a clumsy remedy, and not necessary, as the Supreme Court has power to effect the remedy without remanding. The power of the Supreme Court to require an additional bond, or an amendment, has often been recognized, where the original bond was defective, or furnished inadequate security by reason of the subsequent insolvency of the sureties. Our statute (section 3162) expressly confers jurisdiction on this court to require an additional bond, where the sureties have subsequently become insolvent, but no such right is given this court by statute to increase the penalty of the bond.

The Supreme Court of California in Jameson v. Chansler-Canfield Midway Oil Co., 160 P. 1066, 173 Cal. 612, in commenting upon a similar statutory provision, says:

"The statute so providing, we necessarily have a 'statutory denial of power' as to any tribunal to affect the stay given by the law."

[3] Section 3156, R. C. 1919, provides for a stay in this class of cases upon giving an undertaking as therein provided in the amount fixed by the trial court. We think, when this is done, the stay is final, except where otherwise provided by the statute. It does not appear that the lower court acted inadvertently, made a mistake, was misled, or that any fraud was practiced upon the trial court, and its action therefore became a final adjudication of the amount necessary to protect the right of the respective parties. The amount having been fixed and the undertaking having been given, and no special circumstances of fraud, inadvertence or mistake appearing, this court is without jurisdiction to require an additional bond or to vacate the stay fixed by law.

The application is therefore denied.

SHERWOOD, J., not sitting.