## MILDRED ODEGAARD LUND v. JOHN W. THOMAS & COMPANY, INC. AND OTHERS. ERNEST B. LUND v. SAME.[1]

November 8, 1935.

No. 30,417.

*E. Luther Melin,* for appellants.

*Cobb, Hoke, Benson, Krause & Faegre, Paul J. McGough,* and *Nathan A. Cobb,* for respondents.

PER CURIAM.

Action for damages by the plaintiff wife for injuries inflicted by defendants in dressing her hair, and one by the plaintiff husband for consequential damages suffered from his wife's injuries. Both actions were tried together to a jury. The court directed verdicts

[1]Reported in 263 N. W. 110.

in favor of one defendant. The jury returned verdicts in favor of the other two defendants. The plaintiffs moved for a new trial on the minutes of the court. The motions were denied. Later essentially the same motions were renewed and denied. ' Defendants move to dismiss the appeal on the ground that there is no settled case or bill of exceptions.

Without the testimony before us in a settled case or bill of exceptions we are precluded from considering any errors assigned. It is not overlooked that appellants, since the appeal, have procured a certificate from the trial court that the charge printed in the record is the charge that was given, and that the advertisement thereto attached as exhibit "A" was received in evidence. Of course, in the absence of the evidence, there can be no attempt to consider the propriety of the directed verdicts in favor of John W. Thomas & Company, Inc. It would serve no useful purpose to determine whether or not the charge was technically correct. Appellants would not be entitled to a new trial unless they were prejudiced by some instruction given. The evidence may have warranted or called for the instructions given, and it may have required a directed verdict for all the defendants. If so, no reversible error can be predicated upon the charge, however erroneous it might be. Scheffer v. Hage, 157 Minn. 14, 195 N. W. 453; Andersen v. City of Minneapolis, 182 Minn. 243, 234 N. W. 289. The appellants did not comply with the part of 2 Mason Minn. St. 1927, § 9326, reading: "If the motion be on the minutes, and the order be appealed from, a case or bill of exceptions shall be proposed by the appellant, and be settled and returned with the record to the supreme court." The charge cannot be considered "a case or bill of exceptions."

Since respondents' motion to dismiss the appeal must be granted, we need not pass on the proposition, urged by respondents, that the motions for a new trial on the minutes of the court were not made in time and that therefore the orders appealed from must be affirmed.

The appeal is dismissed.