# STATE v. HAROLD BAKER.[1]

July 13, 1951.

No. 35,613.

*J. A. A. Burnquist,* Attorney General, and *Victor J. Michaelson,* Special Assistant Attorney General, for relator.

There was no brief filed on behalf of respondent in this court.

MATSON, JUSTICE.

Alternative writ of mandamus upon petition of the state of Minnesota commanding the district court to allow, settle, and certify a proposed case.

This matter arises out of condemnation proceedings whereby the state of Minnesota in 1936 and 1937 acquired certain lands in Big Stone, Chippewa, Lac qui Parle, and Swift counties for flood

[1]Reported in 49 N. W. (2d) 107.

control. On November 5, 1942—before the filing of the final certificate in the condemnation proceedings—a petition in intervention was served upon the attorney general by Charles Hacker, who is now deceased and whose estate is now represented by Lena Hacker as administratrix. On June 23, 1950, judgment was entered compelling the state to condemn a part of Hacker's lands. Subsequently the state of Minnesota moved for amended findings or a new trial. The motion was denied in its entirety on January 2, 1951, and from the order of denial the state appealed on February 5, 1951. On February 15, 1951, the state served upon Hacker, the intervener, a proposed case and a notice of motion for an order settling and certifying the same. This latter motion was noticed to be heard on February 24, 1951.

On February 19, 1951, Judge Harold Baker, by reason of a contemplated absence from this jurisdiction, referred the motion for allowance of the settled case to Judge C. A. Rolloff. Subsequently on February 24, 1951, Judge Rolloff, on the ground that the matter ought to be heard by Judge Baker, before whom the action in intervention had been tried (see M. S. A. 547.05), made an order continuing the hearing on the motion until the return of Judge Baker on April 2, 1951. By stipulation of counsel, the matter was further continued until May 12, 1951, when it was presented to Judge Baker, who expressed the opinion that the court was then without jurisdiction to hear the matter. Thereafter, on June 13, 1951, the alternative writ of mandamus herein was served upon Judge Baker.

■ A trial court has jurisdiction to settle and allow a case after an appeal has been taken from an order denying a new trial. State ex rel. Kelly v. Childress, 127 Minn. 533, 149 N. W. 550; Loveland v. Cooley, 59 Minn. 259, 61 N. W. 138; Dunnell, Minn. Practice, § 1646. The proposed case was served within the time prescribed by § 547.05. On February 24, 1951, the original return date of the motion for its allowance, the attorney general appeared in behalf of the state, but no appearance was made by intervener. Judge Rolloff's order of continuance until April 2, 1951, was proper. By

stipulation, in order to accommodate intervener's counsel, who was otherwise occupied as a member of the state senate, which was then in session, the motion was further continued to May 12, 1951. We find no lack of diligence on the part of the state in presenting the motion to the court for final disposition. Furthermore, § 547.05 specifically provides that the time limited therein for the presentation to the trial court of a proposed case, and of any amendments thereto, may be extended by agreement of the parties or by order of the court. A settled case is reasonably required for a proper presentation of the state's appeal. There is no showing of prejudice to intervener.

■ Where an appeal has been taken promptly and in good faith; where a settled case is needed for the proper presentation and determination of the appeal; where the appellant has proceeded with due diligence; and where there is no showing that the hearing of the appeal will be delayed or that any other prejudice will result, the exercise of a sound judicial discretion requires that the trial court, pursuant to § 547.05, should facilitate the hearing of the appeal on its merits by allowing and certifying a settled case. State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488.

It is ordered that a peremptory writ issue as prayed for.