# STATE v. FRANK ANTHONY BARNES.

81 N. W. (2d) 864.

March 22, 1957—No. 37,055.

*Frank Anthony Barnes,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for the State.

MATSON, JUSTICE.

*Pending an appeal* from a judgment convicting defendant of first-degree robbery and from an order denying him a new trial, we here have a subsequent and further appeal from an order of the district court denying defendant's motion that he be furnished, without cost, a transcript of the proceedings for use in aid of his prior, pending appeal.

The state moves to dismiss this latter appeal on the ground that the district court had no jurisdiction to hear the motion while the prior appeal—from the judgment and from the order denying a new trial—was pending in this court. The state asserts that lack of jurisdiction makes the order a nullity and that it is therefore nonappealable.

It is further urged that, if the trial court did have jurisdiction, the appeal from the order denying a free transcript is futile and must be dismissed since it is wholly ancillary to and dependent upon the validity of the original appeal from the judgment of conviction and from the order denying a new trial. The state urges that said appeal was ineffective as an appeal from the judgment because it came too late and that, as an appeal from the order denying a new trial, it is a nullity since the trial court was, under the circumstances, without jurisdiction to entertain the motion for a new trial. If the state is correct in urging either of the foregoing grounds for dismissal, it will become unnecessary to consider whether the trial court abused its discretion in denying defendant a free transcript.

Was the trial court without jurisdiction to hear the motion while the main appeal was pending? Pending a duly executed appeal,

the jurisdiction of a trial court is *suspended*[1] only as to those matters necessarily involved in the appeal,[2] not as to those matters which are independent of,[3] or which are supplemental to, the appeal or collateral to the proceeding in which the appealed order or judgment was rendered.[4] Among the matters over which the trial court retains jurisdiction pending an appeal are those which are ancillary[5] or supplemental to the appeal[6] as in aid of its proper presentation,[7] such as orders to correct the record[8] or to make and certify a settled case or bill of exceptions.[9] No argument is necessary to demonstrate the obvious fact that the determination of whether a defendant requires a transcript, or a part thereof, to present his appeal, and whether, because of his poverty, he is entitled to the same free of cost, involves a collateral matter over which the trial court retains jurisdiction.

---

[1]The word *divested*, which is sometimes used in lieu of the word *suspended*, is correct only if it is understood that the divestiture of jurisdiction may be temporary in the sense of being limited to the duration of the appeal. Cf. Doerr v. Warner, 247 Minn. 98, 106, 76 N. W. (2d) 505, 512.

[2]State v. Ashworth, 346 Mo. 869, 143 S. W. (2d) 279; 3 Am. Jur., Appeal and Error, § 531; see, Bock v. Sauk Center Grocery Co. 100 Minn. 71, 110 N. W. 257, 9 L.R.A.(N.S.) 1054.

[3]State ex rel. Spratt v. Spratt, 150 Minn. 5, 184 N. W. 31; State ex rel. Beekley v. McDonald, 123 Minn. 84, 142 N. W. 1051.

[4]Arndt v. Arndt, 331 Ill. App. 85, 72 N. E. (2d) 718; People v. Chrisoulas, 367 Ill. 85, 10 N. E. (2d) 382, 112 A. L. R. 990; 3 Am. Jur., Appeal and Error, § 531.

[5]People v. Chrisoulas, *supra*.

[6]Maxwell v. Maxwell, 67 W. Va. 119, 67 S. E. 379, 27 L.R.A.(N.S.) 712; Arndt v. Arndt, *supra*.

[7]Ackel v. Ackel, 57 Ariz. 14, 118, 110 P. (2d) 238, 111 P. (2d) 628, 133 A. L. R. 549; Maxwell v. Maxwell, *supra*.

[8]Pratt v. Pioneer Press Co. 32 Minn. 217, 220, 18 N. W. 836, 20 N. W. 87.

[9]Pratt v. Pioneer Press Co. *supra;* Loveland v. Cooley, 59 Minn. 259, 61 N. W. 138; State v. Baker, 234 Minn. 528, 49 N. W. (2d) 107; see, Bock v. Sauk Center Grocery Co. 100 Minn. 71, 110 N. W. 257, 9 L.R.A.(N.S.) 1054; State ex rel. Chicago, St. P. M. & O. Ry. Co. v. District Court, 136 Minn. 455, 161 N. W. 164.

Is the immediate appeal abortive and subject to dismissal because the original appeal from the judgment of conviction and from the order denying a new trial must be dismissed for invalidity? Before considering this question we must review the procedural facts. The judgment of conviction was entered against the defendant in Ramsey County on March 16, 1955. By motion dated July 11, 1955, defendant moved the court for an order vacating the judgment and granting him a new trial. This latter motion was heard and denied on September 15, 1955. On March 6, 1956, a notice of appeal dated March 1, 1956, was served on the attorney general. The return was filed with the clerk of the supreme court on August 21, 1956.

Clearly, the original appeal is abortive as to the judgment since, contrary to M. S. A. 605.08, it was taken more than six months after the entry of the judgment. It is conceded, however, that the original appeal was timely as to the order denying a new trial.[10]

■ Although the original appeal was timely as to the order, it must nevertheless fail because the order itself is a nullity. It is a nullity for the reason that a trial court has no jurisdiction to entertain a motion for a new trial not made in compliance with M. S. A. 1949, § 547.02.[11] The grounds for a new trial are set forth in M. S. A. 1949, § 547.01, in seven separate subsections. Section 547.02 provides that a motion for a new trial for any of the causes or grounds enumerated in the first four subsections of § 547.01 shall be made on affidavits *as to matters outside the record.* If, however, the motion is made for any other cause or causes, it may not be heard without first obtaining a settled case or bill of exceptions and including the same in the record, unless the movant, *within fifteen days after the rendition of the verdict or decision,* notices his motion to be heard on

[10]See, State v. Lund, 174 Minn. 194, 218 N. W. 887; State v. Newman, 188 Minn. 461, 247 N. W. 576; State v. Nobles, 234 Minn. 38, 47 N. W. (2d) 473; M. S. A. 632.01.

[11]Section 547.02 has been superseded by Rule 59.02 of Rules of Civil Procedure insofar as applicable to civil actions. See, Rule 1. As to criminal cases the statute is still in effect and the practice is the same as it was before the adoption of the new rules of civil procedure.

the minutes of the court in which case the court may hear the motion on its minutes or on those of the court stenographer.

Since the motion for a new trial was not made within fifteen days, it obviously was not, and could not have been heard on the minutes of the court. Clearly, it was not heard on affidavits as to any matter outside the record. Furthermore, no settled case or bill of exceptions was ever obtained and made a part of the record. It follows that, since the motion for a new trial was not made on affidavits for any of the causes enumerated in § 547.01(1,2,3,4) *as to facts outside the record,* and since the motion as to any other statutory causes or grounds was not made on the minutes within fifteen days after the rendition of the verdict or decision, and was in fact made without first obtaining and including in the record a settled case or a bill of exceptions, the trial court was without jurisdiction to entertain the motion and its order thereon is a nullity and provides no basis for an appeal. Compliance with § 547.02 is mandatory and for failure to comply therewith defendant's appeal from the order denying a new trial must be dismissed.[12]

Since the appeal was not timely as to the judgment, and was abortive as to the order denying a new trial, the defendant's original appeal must be dismissed in its entirety. It follows that, since no valid appeal is pending for which defendant needs a transcript, it becomes unnecessary to consider whether the trial court erred in denying him a free transcript, and his appeal from that order of denial is likewise dismissed.

Both appeals are dismissed.

---

[12]See, Scheffer v. Hage, 157 Minn. 14, 195 N. W. 453; Lund v. John W. Thomas & Co. Inc. 195 Minn. 352, 263 N. W. 110.