**STATE of Minnesota, Appellant,**

**v.**

**Clinton GROSE, Respondent.**

**No. C4–86–1133.**

Court of Appeals of Minnesota.

Dec. 2, 1986.
Review Dismissed Jan. 16, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott Co. Atty., Clifford McCann, Asst. Co. Atty., Shakopee, for appellant.

Ronald I. Meshbesher, John P. Sheehy, Minneapolis, for respondent.

Heard, considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

RANDALL, Judge.

The State appeals from an order of the trial court denying the State's motion for an extension of time to refile indictments or a complaint against respondent. We affirm.

## FACTS

On May 13, 1986, this court affirmed a trial court's December 13, 1985, dismissal of grand jury indictments against respondent for aiding and abetting perjury. *State v. Grose,* 387 N.W.2d 182 (Minn.Ct. App.1986) (Grose I). We agreed with the trial court that several violations of the criminal procedure rules and of respondent's constitutional rights had been made by the Scott County Attorney, and thereby substantial prejudice resulted to respondent. The State did not petition the supreme court for further review of that decision.

Instead, on May 14, 1986, the Scott County Attorney moved the trial court for an extension of time to file new indictments or complaints. The trial court declined to rule on the motion claiming it lacked jurisdiction as the matter had been appealed to this court. Scott County next moved this court for an order remanding the matter to the trial court. By order we denied that motion to remand as we agreed that the trial court did not have jurisdiction and could not obtain it until thirty days from the filing of the court of appeals decision. Minn.R.Civ.App.P. 136.02 states that judgment is not entered for thirty days after the filing of our decision or order.

On June 17, 1986, after the thirty-day bar to further trial court proceedings expired, the Scott County Attorney renewed its trial court motion to file new indictments or complaints. The trial court denied this motion on July 2, 1986, holding that the State had not moved to reindict within seven days after notice of entry of the December 13, 1985, dismissal as required by Minn.R. Crim.P. 17.06, subd. 4(3) and none of the exceptions to this rule applied. Also, the trial court noted that the earlier dismissal was not based on insufficient grounds to establish probable cause but was instead based on prejudicial prosecutorial misconduct. The trial court stated the appeal exception under Rule 17.06 applies only if the prosecution prevails on appeal, and this did not occur. The trial court memorandum pointed out that the State lost on appeal to this court and did not exercise its option to petition the Minnesota Supreme Court for review. The trial court then stated that prosecution of respondent on the criminal charge which led to the original indictment was now finally terminated and complete. The State appeals from this order. Respondent moved to dismiss the State's appeal on several grounds prior to a hearing. We do address the merits of the State's appeal but affirm the trial court's dismissal.

## ISSUE

Did the trial court err in denying the State's motion for an extension of time to file new indictments or complaints?

## ANALYSIS

Minn.R.Crim.P. 17.06, subd. 4(3) entitled "Dismissal for Curable Defect" states:

> If the dismissal is for failure to file a timely complaint as required by Rule 4.02, subd. 5(3), or *for a defect that could be cured or avoided* by an amended or new indictment, or complaint, further prosecution for the same offense shall not be barred, and the court shall on motion of the prosecuting attorney, made within seven (7) days after notice of the entry of the order granting the motion to dismiss, order that defendant's bail or the other conditions of his release be continued or modified for a specified

reasonable time pending an amended or new indictment or complaint.

(Emphasis added).

As its name suggests, this rule does not govern dismissals for defects that could not be cured at the time of dismissal by a new or amended complaint or indictment. *See State v. Viergutz,* 288 N.W.2d 693, 697 (Minn.1980).

Appellant's claim centers around a theory that a trial court "must," on a timely motion of a prosecuting attorney, allow a reasonable time to file an amended indictment or complaint. Minn.R.Crim.P. 17.06, subd. 4(3). The problem with appellant's argument is that at all times it is grounded in the concept that the defects the trial court found in the initial indictment were curable, and that appellant should have a chance to recharge and start over. Appellant argues that the defects and irregularities noted in the trial court's December 13, 1985, dismissal were curable and that appellant had the option of moving immediately under Rule 17.06, subd. 4(3) or chosing a direct appeal to our court under Rule 28.04, subds. 1 and 2.

We agree that some of the trial court's language could be construed as discussion of curable defects. The court stated the December 1985 dismissal was pursuant to Minn.R.Crim.P. 17.06, subd. 4(2). A review of the comments to Minn.R.Crim.P. 17.06, subd. 2(2) and subd. 4(2) indicate that if the dismissal is granted, the indictment or complaint may be amended in accordance with Rule 17.06, subd. 4(3). However, the comments go on to discuss the concept of curability and the time limits therein. Minn.R.Crim.P. 17.06 does not have a specific subsection entitled "dismissal for noncurable defect." Construing the trial court's December 1985 dismissal in its entirety, and our affirmance in *Grose I*, we conclude that the original procedural and constitutional irregularities were not curable, but constituted an absolute bar to further prosecution absent an overturning of that dismissal on appeal, which did not happen. The original dismissal, not being for lack of probable cause, was appealable by the State as a matter of right. The State exercised that option, and, not being successful on that appeal, is now barred from further prosecution of respondent.

In the December 1985 dismissal, the trial court repeatedly used the expression "dismissal with prejudice." Although the trial court's use of that term is not determinative from a legal standpoint, as "dismissal with prejudice" is a civil term, the court's intent by the use of that term was clear. The trial court dismissed the indictments and ordered prosecution of respondent stopped after having made extensive findings that the State's severe improprieties had substantially and severely prejudiced respondent's right to due process. Our court in *Grose I* affirmed those findings of the trial court. Had the trial court's initial dismissal only been premised on lack of probable cause, that defect would have been curable. An order dismissing for lack of probable cause is nonappealable.

> The prosecuting attorney may appeal as of right to the Court of Appeals: (1) in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn. Stat. § 631.21;

Minn.R.Crim.P. 28.04, subd. 1(1).

Following the trial court's initial dismissal, appellant made no indication that it assumed the dismissal was merely for lack of probable cause, but proceeded as if that dismissal barred further prosecution unless an appeal by the State was taken. Appellant appealed to this court and lost (*Grose I*), and then for unspecified reasons did not attempt to seek further review by the Minnesota Supreme Court.

Minn.R.Crim.P. 17.06, subd. 4(2) states that " * * * the court shall specify the grounds upon which the motion is granted." The court's dismissal included an eleven-page order accompanied by a twenty-page memorandum going specifical-

ly to improprieties, irregularities, and improper communication between appellant and the grand jury that indicted respondent. Common sense and a plain reading of the trial court's dismissal order tells us that the stated grounds for dismissal were over and above a dismissal for technical irregularities or lack of probable cause.

We hold that the initial trial court dismissal was for a noncurable defect and that prosecution of respondent was permanently barred absent successful appeal by appellant. *See State v. Chamberlain*, 373 N.W.2d 854, 856 (Minn.Ct.App.1985). Appellant has not been successful, and we affirm the trial court's denial of appellant's later motion for an extension of time to refile indictments or a new complaint.

## DECISION

The trial court properly denied the State's motion for an extension of time to refile indictments or complaints.

Affirmed.