**STATE of Minnesota, Appellant,**

v.

**James Allen DWIRE, Lowell Dale Kramer, Fred Hendrickson, Respondents.**

No. C2–86–1695.

Court of Appeals of Minnesota.

Feb. 24, 1987.

Review Granted April 17, 1987.

Hubert H. Humphrey III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, for State.

John W. Lundquist, Thompson & Lundquist, Ltd., Minneapolis, for James Allen Dwire.

John L. Holahan, Jr., Edina, for Lowell Dale Kramer.

Paul W. Rogosheske, South St. Paul, for Fred Hendrickson.

Heard, considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ.

## OPINION

LESLIE, Judge.

The State of Minnesota appeals from an order dismissing its complaints against respondents James Allen Dwire, Lowell Dale Kramer and Fred Hendrickson for failure to comply with Minn.R.Crim.P. 17.06, subd. 4(3). We reverse.

### FACTS

Respondents Dwire and Hendrickson formed American Energy Farming Systems, Inc. (AEFS) in 1981 to develop, promote and market the Jerusalem artichoke, a species of sunflower, as a potential source of energy, food and livestock feed. Respondent Kramer, a former television evangelist, later assisted the company as a consultant. AEFS promoted the Jerusalem artichoke to thousands of farmers at elaborate sales and promotional meetings, with great emphasis placed on religious and moral values. AEFS took in millions from approximately 2,400 farmers who contracted to buy seed and grow Jerusalem artichokes on their farmland. At the end of the season, AEFS agreed to buy the crops and promote their sale.

AEFS never found a viable market for the crop, due in part to the great expense involved in obtaining fructose and alcohol as by-products. Respondents allegedly made extensive draws from AEFS assets for personal expenses and private business ventures. In March 1983, as a result of investigations by the Minnesota and Iowa Attorneys General offices, AEFS agreed to offer refunds to growers. With potential refunds of $18 million, AEFS filed for bankruptcy in May 1983.

The McLeod County Attorney impaneled a multi-county grand jury to investigate AEFS in October 1984. A paralegal from the county attorney's office testified before the grand jury about her extensive investigation of AEFS. After her testimony she remained in the grand jury room during the testimony of the other witnesses, assisting the county attorney with exhibits. She was present for the testimony of seven grand jury witnesses.

The grand jury returned indictments against respondents for theft and diversion of corporate property. The trial court denied their motion for dismissal based on the unauthorized presence of the paralegal in the grand jury room and denied a later motion for reconsideration. This court reversed in *Dwire v. State*, 381 N.W.2d 871 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Apr. 11, 1986) (*Dwire I*). We held that no showing of prejudice is required to dismiss an indictment for the presence of an unauthorized person in the grand jury room. *Id.* at 875. Judgment dismissing the indictments was entered on April 30, 1986.

On December 30, 1985, while the appeal of the indictments was still pending, the Lyon County Attorney issued new complaints charging respondents with theft offenses alleged to have occurred in that county between December 30, 1982 and June 30, 1983. The county attorney issued these complaints on December 30, 1985 to avoid a bar of the charges by operation of the three year limitations period in Minn. Stat. § 628.26(e) (1984). The complaints charged substantially the same offenses as some contained in the indictments.

The trial court dismissed the complaints, ruling that the State had failed to comply with Minn.R.Crim.P. 17.06, subd. 4(3), and that no complaint could issue pending the outcome of the indictments. The State appeals and contends a complaint may issue while an indictment is still pending and the trial court erred by finding rule 17.06 applicable.

## ISSUE

Did the trial court err by dismissing the complaints for failure to comply with Minn. R.Crim.P. 17.06, subd. 4(3)?

## ANALYSIS

Minn.R.Crim.P. 17.06, subd. 4(3) entitled "Dismissal for Curable Defect" provides:

> If the dismissal is for failure to file a timely complaint as required by Rule 4.02, subd. 5(3), or for a defect that could be cured or avoided by an amended or new indictment, or complaint, further prosecution for the same offense shall not be barred, and the court shall on motion of the prosecuting attorney, made within seven (7) days after notice of the entry of the order granting the motion to dismiss, order that defendant's bail or the other conditions of his release be continued or modified for a specified reasonable time pending an amended or new indictment or complaint.

 This rule does not govern dismissals for defects that could not be cured at the time of dismissal by a new or amended complaint or indictment. *State v. Grose*, 396 N.W.2d 874, 876 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 16, 1987); *see State v. Viergutz*, 288 N.W.2d 693, 696 (Minn.1980). The defect in this case was the presence of an unauthorized person in the grand jury room. The defect was such that the original indictment was so tainted as to be non-curable. No change or amendment to the indictment could have removed the defect to the grand jury proceedings. Thus, the defect was non-curable and the rule 17.06 procedure is inapplicable in this case. The trial court erred by requiring compliance with rule 17.06 in this case.

Respondents claim the State is precluded from filing a criminal complaint while an indictment charging substantially the same offenses is pending. However, no rule, statute or case law prevents such a filing. The dissent relies on language in *State v. Grose*, 396 N.W.2d 874, 876 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Jan. 16, 1987), to conclude that the trial court here had no jurisdiction to handle a complaint. In *Grose*, the State moved to reinstate charges by motion pursuant to Minn.R.Crim.P. 17.06, subd. 4(3). *Grose* held the trial court had no jurisdiction to hear such a motion while the appeal was pending. In *Grose*, the State was pursuing the same charges on the same indictment as the one pending appeal.

In the present case the State did not make a rule 17 motion, but instead instituted new charges by complaint. A different rule applies to matters independent of the original indictment:

> Pending a duly executed appeal, the jurisdiction of a trial court is *suspended* only as to those matters necessarily involved in the appeal, not as to those matters which are independent of, or which are supplemental to, the appeal or collateral to the proceeding in which the appealed order or judgment was rendered.

*State v. Barnes*, 249 Minn. 301, 302–03, 81 N.W.2d 864, 866 (1957) (footnotes omitted, emphasis in original). In this case the State clearly had the power to institute a new complaint without leave from the trial court.

The State filed the complaint on the last day of the statute of limitations period, preserving the charges against respondents. Had this court ruled in the State's favor and affirmed the trial court in *Dwire I*, the State could have gone forward on the original indictments, dismissing the complaints. However, our ruling in *Dwire I* precluded any use of the original indictment or grand jury proceedings. Instead, the State may now go forward with its complaints against respondents.

## DECISION

Minn.R.Crim.P. 17.06, subd. 4(3) is inapplicable to dismissals for non-curable defects and the State may issue complaints charging substantially the same offenses as those charged in a pending indictment. The decision of the trial court dismissing the complaints against Dwire, Kramer and Hendrickson is reversed.

Reversed.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I would affirm the trial court's dismissal of the complaints. Since this appeal was brought, we have decided *State v. Grose*, 396 N.W.2d 874 (Minn.Ct.App.1986), *pet. for rev. dismissed* (Jan. 16, 1987). In *Grose*, we stated that the trial court did not have jurisdiction to grant Scott County's motion for an extension of time to file new indictments or complaints, since the case was on appeal to this court. The trial court could not obtain jurisdiction until thirty days from the filing of the court of appeals decision. *Id.;* Minn.R.Civ.App.P. 136.02. Similarly, here the Lyon County court did not have jurisdiction to sign and issue complaints on that date, December 30, 1985, as this court was at the time considering the same charges on appeal. Respondent's attorney agrees that the new complaints dealt with the same charges as the indictments.

The majority holds that the presence of an unauthorized person in the grand jury room constitutes a non-curable defect, and that Minn.R.Crim.P. 17.06 therefore does not apply. I disagree. Rule 17.06, subd. 4(3) applies if the defect can be cured by a new indictment. Here the State could have reindicted after dismissal of the initial indictment. The State should have acted within the Rule 17.06 time limits. Because it failed to timely reindict, the State was barred from further prosecution. *See Grose*, 396 N.W.2d at 875. This construction of the rule is narrow, but strict construction is the law in criminal cases. *State v. Soto*, 378 N.W.2d 625, 628 (Minn. 1985).

Although the charges are for egregious conduct on the part of appellants, and the facts indicate that prosecution is appropriate, I would hold that the trial court properly dismissed the complaints.