# DEVEREAUX v. KATZ.

(133 N. W. 553.)

**Appeal — from order overruling demurrer — intermediate order — stay of proceedings.**

1. An order overruling a demurrer to the complaint is an "intermediate order" within the meaning of § 7216, Rev. Codes 1905, and consequently a stay of proceedings on an appeal from such an order is, under the express language of such statute, within the discretion of the trial court, and the proper exercise thereof will not be interfered with by the supreme court.

**Appeal — supersedeas bond — discretion of trial court as to.**

2. An application to the supreme court for an order allowing and fixing a supersedeas bond on appeal from an order overruling a demurrer to the complaint will be denied where it appears that the trial court denied a similar application, and it not clearly appearing that in so doing such court abused its discretion.

Opinion filed December 11, 1911.

Action by L. L. Devereaux against C. E. Katz. Judgment for plain tiff, and defendant appeals. Original application for an order allowing a supersedeas undertaking on appeal.

Application denied, and order to show cause vacated.

*Paul Campbell,* for appellant.

*A. E. Coger* and *T. A. Toner* (*C. L. Young,* of counsel), for re-spondent.

Fisk, J. This is an original application to this court for an order fixing the amount and conditions of a supersedeas undertaking on appeal. The facts, briefly stated, are that appellant, defendant in the court below, demurred to the complaint upon the ground that it fails to allege facts sufficient to constitute a cause of action. · From an order overruling such demurrer an appeal to this court has been duly taken and perfected prior to entry of judgment on the overruling of the demurrer. The district court denied an application similar to that now made to us. Respondent resists this application: First, upon the alleged ground that the record discloses that the demurrer is frivolous and was interposed merely for the purpose of delay, and that the appeal was taken for a like purpose; and, second, that the legislature, by § 7216, Rev. Codes, has vested in the district court and in the judge thereof a discretion to allow or disallow a supersedeas on appeals from such orders.

We shall not notice respondent's first contention, as it goes to the merits of the appeal, which merits are not now before us, except in so far as they may furnish information on the question whether the trial court abused its discretion in refusing a supersedeas. That the district court is vested with a sound judicial discretion under § 7216, Rev. Codes, in disposing of such applications, is clear. The statute reads: "No appeal from an intermediate order before judgment shall stay pro-ceedings unless the court or presiding judge thereof shall, in his dis-cretion, so specially order." That an order overruling a demurrer to the complaint is an intermediate order within the meaning of § 7216, Rev. Codes, there can be no doubt. This being true, said section ex-pressly vests a discretion in the lower court or presiding judge thereof to refuse a supersedeas on an appeal from such an order. Did the lower court abuse its discretion in denying defendant's application?

If not, then clearly this court will not interfere with the action of that court.

After duly considering the application, we are unwilling to say that the district court clearly abused its discretion in the matter. The statute above cited is so plain that we deem it unnecessary to cite authorities or to enter into an extended discussion of the question. We have carefully considered the brief filed by the appellant's counsel and the various authorities therein cited. Suffice it to say that we do not deem any of such authorities in point in the light of our statute, which is, of course, controlling, and it would be a waste of time to notice counsel's various contentions in detail.

Application denied, and order to show cause vacated.