WILLIAM LANGER, Plaintiff, v. THE COURIER NEWS, a corporation, WM. LEMKE, GEORGE F. McPHERSON, and HERBERT E. GASTON, Defendants.

(183 N. W. 1009.)

Appeal and error — application to supreme court for order fixing amount of supersedeas bond denied where similar application pending before district court.

1. An application to the Supreme Court for an order allowing and fixing a supersedeas bond on appeal from an order denying an application for a change of venue will be denied where it appears that a similar application is pending before the District Court, which has neither refused nor neglected to act.

Opinion filed July 1, 1921.

Original application for an order fixing the amount and conditions of a supersedeas undertaking on appeal.

Denied.

Per Curiam Opinion.

*Harry Lashkowits,* for motion.

*W. S. Lauder,* and *A. G. Divet,* contra.

PER CURIAM: This is an original application to this court for an order fixing the amount and conditions of a supersedeas undertaking on appeal. The facts, briefly stated, are:

This action was commenced in the District Court of Cass county. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The trial court

overruled the demurrer and on appeal to this court the complaint was held to be sufficient. Langer v. The Courier News, et al., 179 N. W. 909. Subsequently the defendants moved for a change of venue from the county of Cass. An order was accordingly entered transferring the case to Richland county for trial. Afterwards defendants made an application for a change of venue from Richland county. The District Court of Richland county denied the application for a change of venue. The defendants appealed from such order by serving and filing notice of appeal and the usual cost bond. It is undisputed that an application similar to that now made to this court was pending before the district court at the time the application to this court was made. The application was made to this court and the order to show cause issued June 22d. It is undisputed that an application was served June 21st and noticed to be heard before the District Court of Richland county on June 23d. There is no showing that the trial judge has neglected or refused to act on the application. On the contrary, on the hearing in this court the trial judge filed a verified return, wherein he says: "That the matter of granting or refusing a stay of proceedings pending said appeal was never in any proper or formal way presented to him * * * that he knew of the pendency of said motion returnable on June 23d, 1921; that he expected to hear such motion and after the same had been heard to determine the same on the merits * * * that he has not yet determined such motion and that the defendants' application for a stay of proceedings has not been denied * * * that he had no intention of trying the said cause or permitting the same to be tried until after the defendants' said motion for a stay of proceedings had been fully heard and determined."

Upon the hearing before this court, respondent's counsel urged that it was for the trial court in the first instance to say whether the stay should be granted and that this court is vested with authority only to review the decision of the trial court. In our opinion this objection is well taken, where, as in this case, it appears that the trial court has not refused to act. § 7832, C. L. 1913, provides:

"When the appeal is from an order the execution or performance thereof shall not be delayed, except upon compliance with such conditions as the court or presiding judge thereof shall direct, and, when so required, an undertaking shall be executed on the part of the appellant by at least two sureties in such sums and to such effect as the court or presiding judge thereof shall direct; such effect shall be directed in

accordance with the nature of the order appealed from, corresponding to the foregoing provisions in respect to appeals from judgments, when applicable and such provision shall be made in all cases as will properly protect the respondent and no appeal from an intermediate order before judgment shall stay proceedings unless the court or presiding judge thereof shall in his discretion so specially order."

This section is directly applicable to the situation before us. We must assume that the trial court will do its duty and render such decision as the ends of justice require and that the legal discretion with which it is vested will be fairly and honestly exercised to the end that the rights of all the parties may be protected and that all parties may have the fair trial to which they are entitled under our laws. Manifestly this court may not anticipate a decision one way or the other and has no more right to instruct the trial court how this question should be decided than any other question properly triable to the District Court in the first instance. We deem § 7832 controlling in the light of the facts before us. Accordingly, the application here is denied and the order to show cause vacated.

CHRISTIANSON, BRONSON, GRACE, and BIRDZELL, JJ., concur.

ROBINSON, J. (dissenting in part).) From an order made by Judge Allen on June 14, 1921, denying a change of the place of trial, defendants duly appealed to this court. The appeal was perfected on June 21, 1921. A stay bond of $2,000 was served and Judge Allen was requested to order a stay. The motion was captiously opposed and delayed because it was not made on a proper notice. Then a proper notice was given. But as the case was on the court calendar for trial and subject to a peremptory call defendants became fearful of the delay and on a truthful showing obtained from this court an order to show cause why a stay should not be allowed. Before this court the motion was opposed with amazing bitterness, which seems to have prevailed. A majority of the judges deny the motion on the ground that it was prematurely made, the trial court not having failed or neglected to grant a stay.

The case is controlled by this section of the statute. Comp. Laws, § 7836: When the court or the judge thereof from which an appeal is taken or desired to be taken shall neglect or refuse to make any order or direction not wholly discretionary necessary to enable the appellant to

stay proceedings upon an appeal, the Supreme Court or one of the Justices thereof, shall make such order or direction.

There can be no mistaking the statute. When an appeal is taken there must be a stay pending the appeal. It would be no less than a mockery to permit the trial of the case pending an appeal. Hence when the trial judge refuses to grant a stay, the Supreme Court or one of the justices thereof must allow the stay.

Under the circumstances of the case defendants were put in a dilemma. They were put on the ragged edge of uncertainty; the case being on the calendar subject to a peremptory call, it was not safe for them to rely on oral assurances of time to prepare for trial. The trial court should have allowed the stay immediately or should have made a written order protecting the rights of defendants and giving them ample time to apply for a stay to a judge of this court. Under the circumstances and emergencies this court might well conclude that the trial court had neglected to grant a stay, and in a commonsense businesslike way this court should dispose of the matter by allowing the stay, and not subjecting the defendants to the mercies of the trial court and the chances of having to make another application to this court or a judge thereof. In such a petty litigation, it seems the judges should deal out remedial justice in a prompt and businesslike way.

This case has a status and a history which may well be considered. It is an action to recover damages for a political libel. Such an action is commonly a nuisance *per se,* a public nuisance and a private nuisance. The complaint, though sworn to, is commonly framed without any regard for truth. It affirms that the complainant has sustained damages to the amount of $50,000 or a million dollars, when in fact he has sustained no damages. It affirms that certain words or phrases have a meaning which cannot be justified by the words themselves or by evidence. The old rule is that on a demurrer the court must hold as true every averment of the complaint, even though the same be obviously untrue. The new and better rule is that on a demurrer the judges will not hold as true any averment which they know to be false. That is a long step in the right direction.

As we say, a libel suit is commonly a public and a private nuisance. Its trial does commonly last for a week or a month and results in a verdict for six cents or nothing. Here is the complaint in this action:

"LANGER WANTS CONTROL.

"It became clear early in the referendum campaign that two factions were seeking control of the I. V. A. One was headed by Attorney General Langer and the other by President Iverson. Langer visited heads of Minneapolis and St. Paul corporations that are financing the I. V. A. early this year and demanded that he be made custodian of the *slush funds* that were expected in North Dakota. His record was against him and these gentlemen turned him down, though politely. Because of this Langer is sore, it was said yesterday, and is attempting to build up a machine of his own." 179 N. W. 915.

The case having come before this court on a general demurrer to the complaint, three of the judges sustained the complaint because of its untrue innuendoes and two judges held that the complaint does not state a cause of action. That was in October, 1920.. When the case was remanded defendants offered to serve an answer, which was unjustly refused and was not admitted until after a fight of several months. Now as the appeal was manifestly taken in good faith, the answer should have been received or allowed as a matter of course and without any conditions. Then a motion was made to change the place of trial from Cass county and Judge Cole made an order that the place of trial be changed to Richland county on this condition: "This order is subject to a further hearing on good cause shown therefor." The good cause was shown and Judge Cole made an order that plaintiff show cause why the place of trial should not be changed from Richland county, but in the meantime the papers had been sent to Richland county, and, in his turn, Judge Allen made an order to show cause why the order made by Judge Cole should not be vacated. Then, on July 14, 1921, defendants duly moved Judge Allen for an order changing the place of trial. The motion was strenuously opposed and it was denied. Then, on June 21, 1921, defendants duly appealed to the Supreme Court and on a stay bond for $2,000 requested Judge Allen to grant a stay pending the appeal. Objection was made to the hearing for want of a sufficient notice of motion. A proper notice was at once prepared and served, but as the case was on the calendar of the trial court and on the peremptory call, and as the stay was bitterly opposed, defendants became fearful of delay and rushing to this court obtained an order to show cause, with a stay pending the motion. Instead of courteously assenting to the motion, it was opposed with the greatest bitterness, as if counsel had some hope of forcing the

case to an immediate trial in Richland county and there obtaining a verdict because of public prejudice. However, the storms may clear the atmosphere and show that there can be no mockery of justice by forcing a case to trial pending an appeal, and in time counsel may learn that even in a political libel suit, honesty is the best of policy.