RED STAR MOTOR DRIVERS' ASS'N *v.* CITY OF DETROIT.

1. COURTS—STATE COURT HAS POWER TO STAY PROCEEDINGS PEND-
ING APPEAL IN FEDERAL SUPREME COURT—APPEAL AND ERROR—
STATUS QUO.
    The State Supreme Court has power to order a stay of
    proceedings under its decree pending final disposition of
    the case in the Federal Supreme Court and the better
    practice requires it to exercise such power where it is
    desirable to preserve the *status quo*.[1]

2. APPEAL AND ERROR—SHOWING SUFFICIENT TO WARRANT STAY OF
PROCEEDINGS PENDING APPEAL IN FEDERAL SUPREME COURT.
    Where a decree of the State Supreme Court refusing to
    enjoin the enforcement of a city ordinance excluding
    jitneys from the city's streets and sustaining the validity
    of the ordinance was not unanimous, the granting of a
    writ of error removing the case to the Federal Supreme
    Court is *prima facie* evidence that a meritorious Federal
    question is involved, and it appears that plaintiffs would
    sustain irreparable injury should they be successful in
    the Federal Court and proceedings be not stayed under
    the decree of the State Court, an order is entered by the
    latter staying execution of its decree until further order
    of the court, reserving to defendants the right to apply
    for its vacation if there is unusual delay in presenting
    the case to the Federal Court.[2]

Bill by the Red Star Motor Drivers' Association
against the city of Detroit and others to enjoin the
enforcement of an ordinance: On motion of defend-
ants to set aside a stay of proceedings pending an
appeal to the United States Supreme Court. Sub-
mitted October 5, 1926. (Calendar No. 32,093.)
Motion denied October 20, 1926.

[1]Appeal and Error, 3 C. J. §§ 1409 (Anno), 1411; [2]Id., 3 C. J.
§ 1411.

*Charles P. O'Neil,* Corporation Counsel, and *Clarence E. Page,* Assistant Corporation Counsel, for the motion.

*Edward N. Barnard, contra.*

PER CURIAM: On December 29, 1923, a decree was entered in the circuit court for the county of Wayne, in chancery, restraining defendant city and certain of its officers from enforcing the so-called jitney ordinance. Defendants appealed to this court and the case was here argued January 6, 1926. On April 14th following, this court reversed the decree and sustained the validity of the ordinance, the decision not being unanimous (234 Mich. 398). On July 1st we denied a motion for a rehearing. On July 24th a writ of error was issued by the Supreme Court of the United States and the requisite bond was there approved and filed, the writ having been allowed by Justice McReynolds. To this writ return was made August 12th. On July 26th a petition for a stay of proceedings was filed in this court. This court being in vacation, the Chief Justice granted the prayer of the petition. We are now asked by the city to vacate such order.

It will not be necessary to pass on the city's contention that the order made by the Chief Justice alone is void, because if it is a nullity, as contended by the corporation counsel, the application of the plaintiffs for a stay of our decree is before us and the court is now in session and should dispose of it. If this court, as a court, has authority to pass on the question of staying its decree in this case pending decision in the Supreme Court of the United States, it should here and now determine such question without delay. That this court has such power and that the better practice requires it to exercise it, is settled by the recent case of *Cumberland Telephone & Telegraph Co.* v. *Public Service Com'n,* 260 U. S. 212 (43

Sup. Ct. 75), where it was said by Chief Justice Taft, speaking for the court:

"The appellees ask that if we conclude to set aside the injunction, we entertain a motion to grant one now to preserve the *status quo*. The fact that a majority of the three judges of the district court denied the interlocutory injunction suggests the want of merit in the application here. We, of course, appreciate that notwithstanding a denial of an injunction on its merits, a court may properly find that pending a final determination of the suit on the merits in a court of last resort, a balance of convenience may be best secured by maintaining the *status quo* and securing an equitable adjustment of the finally adjudicated rights of all concerned through the conditions of a bond. *Hovey* v. *McDonald,* 109 U. S. 150, 161 (3 Sup. Ct. 136) ; Equity Rule No. 74. But the court which is best and most conveniently able to exercise the nice discretion needed to determine this balance of convenience is the one which has considered the case on its merits and, therefore, is familiar with the record. Records in cases like this are often very voluminous. Such is the record in this case. Without abdicating our unquestioned power to grant such an application as this, and conceding that exceptional cases may arise, we are generally inclined to refer applications of this kind to the court of three judges who have heard the whole matter, have read the record, and can pass on the issue without additional labor. That was the course taken by this court in *Southern R. Co.* v. *Watts,* 259 U. S. 576 (42 Sup. Ct. 585). A similar order will be made here."

The bill filed in this case is an injunction bill pure and simple. We are agreed that the *status quo* should be preserved, at least until reasonable opportunity is had to present the case to the United States Supreme Court. The case may be disposed of in that court in a few months at most. Should plaintiff's contention be there sustained, irreparable injury would be suffered by the failure to stay the decree of this court. The decision here was not unanimous. The allow-

ance of the writ by Justice McReynolds is *prima facie* that a meritorious Federal question is involved.    We do not overlook defendants' claim that the writ was allowed upon the injection of issues not urged in the trial court or in this court.    Whether such issues were injected and whether the Supreme Court of the United States will consider such issues are questions for that court to determine, not for this court.

An order will be entered staying the execution of our decree until the further order of the court and reserving to defendants the right to apply for its vacation if there is unusual delay in presenting the case to the reviewing court.    No costs.