[File No. 6882–83.]

EDWIN M. BONDE, Fred B. Bonde, Fannie E. Brownson, Flora K. Cooper, et al., Respondents, v. WILLIAM STERN and B. G. Tenneson, Appellants.

(8NW (2d) 457.)

Opinion filed March 4, 1943. Rehearing denied March 15, 1943.

*Cupler, Stambaugh & Tenneson* and *Nilles, Oehlert & Nilles,* for appellants.

*Conmy & Conmy,* for respondents.

PER CURIAM. The plaintiffs seek a review of certain rulings of the district court incident to and arising out of a stay of proceedings on appeal from an order overruling a demurrer to the complaint. The facts necessary to an understanding of the controversy are as follows: The plaintiffs brought action to recover money judgment against the defendants. The defendants demurred to the complaint on the grounds that several causes of action have been improperly united and that the complaint does not state facts sufficient to constitute a cause of action. The demurrer came on for argument and on December 18, 1942, the trial court entered an order that the demurrer be overruled, and that the defendants have twenty days from December 16, 1942, in which to serve their answer, if they so desire.

Thereafter, on December 29, 1942, the defendants presented to the district court an ex parte application verified by plaintiffs' attorney to the effect that the defendant desired, and intended to and will appeal to the supreme court from the order overruling the demurrer, and requested that the trial court grant an order staying proceedings during the pendency of the appeal and fixing the amount and conditions of a stay bond "in conformity with § 7832, Compiled Laws of 1913." Thereupon the trial court made an order that all proceedings, except entry of the order overruling the demurrer, be stayed for a period of ten days to enable the defendants to take and perfect their appeal; and that in event such appeal is taken and perfected within said period that a stay of all proceedings be had pending the appeal and for a period of twenty days after the remittitur is filed in the district court, during which time the defendants may answer the com-

plaint if the order appealed from is affirmed or the appeal is dismissed, on the condition that the defendants furnish a statutory cost bond in the sum of $250 and an additional bond in the sum of $1,000, to be approved by the clerk of the district court, "conditioned that the above named defendants will pay to the plaintiff all costs, damages and penalties which the said supreme court may award to the plaintiffs in case the said supreme court shall find and determine that said appeal was not taken in good faith or was taken for the purposes of delay, not exceeding the aggregate of the amounts above mentioned; that if such bond or bonds be furnished then the stay of proceedings pending said appeal shall become effective upon service and filing thereof, and shall remain in full force and effect as heretofore ordered."

On the 5th day of January, 1943, the defendants duly took and perfected an appeal from the order overruling the demurrer by serving a copy of the notice of appeal and of the undertaking upon the attorneys of record for the plaintiffs and filing the same with proof of service with the clerk of the district court. The undertaking so served and filed embodied both the cost bond for $250 and the additional bond for $1,000, prescribed by the order of the court. On January 20, 1943, plaintiffs served upon the defendants a notice of "motion for default and for judgment." Such notice recited that the plaintiffs would, at the time and place designated in the notice, "ask the Honorable P. G. Swenson, Judge, to declare the defendant to be in default and for judgment as prayed for in the complaint, or for such other and further relief as may be proper."

Defendants appeared and objected to consideration of the motion. The trial court denied the motion and filed a memorandum opinion wherein he expressed the view that he had no power or authority to make an order granting plaintiffs a judgment by default after the appeal to the supreme court had been perfected. Thereafter plaintiffs applied to this court for a writ to compel the district court to hear and determine plaintiffs' motion for judgment and for default; or for an order quashing and setting aside the order of stay of proceedings and directing the district court to hear and determine plaintiffs' motion, and for other appropriate relief.

Plaintiffs' application is predicated upon the proposition that the

laws of this state do not authorize the granting of a stay of proceedings and the fixing of the amount and conditions of a stay bond except upon notice to the adverse party; that under § 7836, Comp. Laws 1913, the plaintiffs were entitled to notice of, and opportunity to be heard on, the application for stay of proceedings pending the appeal and the amount and conditions of any stay bond that might be required; that inasmuch as the defendants failed to give plaintiffs the required notice, the order to stay proceedings was made improvidently, and is at least voidable, and that inasmuch as the defendants were not entitled to have such order to stay proceedings entered it was the duty of the trial court to annul the order and declare the defendants to be in default and render judgment for the plaintiffs; or if the appeal has operated to deprive the district court of jurisdiction to take such action, that then this court should set aside the order of the district court granting a stay of proceedings for the same reasons, and remand the case to the district court with directions to hear and determine the motion for default and for judgment.

Our statutes make provision for the stay of execution or performance of a judgment or order pending appeal. Comp. Laws 1913, §§ 7825–7840. The conditions on which a stay may be had are not uniform, but are somewhat variant and the conditions are made dependent upon the nature of the decision sought to be reviewed on the appeal. As to some types of judgments the right to a stay is absolute, and the amount and conditions of the stay bond are fixed by the statute. Comp. Laws 1913, § 7825. As to judgments involving other forms of relief, the conditions of the stay bond are prescribed by the statute, but the amount of the bond is left for determination by the court. Comp. Laws 1913, §§ 7826–7831.

As to orders (such as an order overruling a demurrer to a complaint, Devereaux v. Katz, 22 ND 351, 133 NW 553), our statutes (Comp. Laws 1913, § 7832), provide: "When the appeal is from an order the execution or performance thereof shall not be delayed, except upon compliance with such conditions as the court or presiding judge thereof shall direct and, when so required, an undertaking shall be executed on the part of the appellant by at least two sureties in such sums and to such effect as the court or presiding judge thereof shall direct; such

effect shall be directed in accordance with the nature of the order appealed from, corresponding to the foregoing provisions in respect to appeals from judgments, when applicable and such provision shall be made in all cases as will properly protect the respondent and no appeal from an intermediate order before judgment shall stay proceedings unless the court or presiding judge thereof shall in his discretion so specially order."

Our statutes further provide:

Section 7836: "The undertakings required by this chapter may be in one instrument or several at the option of the appellant; the original must be filed with a notice of the appeal and a copy showing the residence of the sureties must be served with the notice of appeal. When the sum or effect of any undertaking is required under the foregoing provisions to be fixed by the court or judge at least twenty-four hours' notice of the application thereof shall be given the adverse party. When the court or the judge thereof from which the appeaal is taken or desired to be taken shall neglect or refuse to make any order or direction not wholly discretionary, necessary to enable the appellant to stay proceedings upon an appeal, the supreme court, or one of the justices thereof, shall make such order or direction." Comp. Laws 1913, § 7836.

Section 7840: "When a party shall in good faith give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings, the court from which the appeal is taken or the presiding judge thereof or the supreme court, or any one of the justices thereof, may permit an amendment or the proper act to be done on such terms as may be just." Comp. Laws 1913, § 7840.

In this state, appeals from the decisions of the district courts to the supreme court are subject to regulations by statute. N. D. Const. §§ 86, 109. The legislature has enacted such regulations. Comp. Laws 1913, §§ 7818 et seq. The right of appeal is made unconditional, that is, a party who feels aggrieved by an order rendered against him is not required to obtain the consent or leave of the court in order to take an appeal therefrom. If the decision is appealable, such party

has an unconditional right to take an appeal in the manner and within the time prescribed by the law.

The legislature, however, has recognized and drawn a distinction between an appeal and a stay of execution or performance of the order or judgment appealed from. As shown by the above quoted provisions of our statutes, an appeal does not operate as a stay of proceedings, and the order or judgment may be enforced, notwithstanding the appeal, unless a stay is ordered. The only exception to this is an appeal taken by "the state, or any state officer, or state board, in a purely official capacity, or any municipal corporation within the state." Such appeal may be taken without furnishing a cost bond and the appeal itself operates as a stay. Comp. Laws 1913, § 7834.

A defendant has an unconditional right of appeal from an order overruling his demurrer to a complaint (Comp. Laws 1913, § 7841, subd. 3); but he has no absolute or unconditional right to a stay of proceedings on such appeal. Section 7832, supra, vests the trial court or the presiding judge thereof with wide discretionary powers in determining whether proceedings shall be stayed pending such appeal, and if stayed, on what conditions the stay shall be granted, and whether as a part of such conditions, the appellant shall be required to furnish a bond. The section does not require that a stay bond be furnished in all cases or in any case, but leaves that to be determined by the trial court in each case. Devereaux v. Katz, 22 ND 351, 133 NW 553, supra.

It will be noted that according to the above-quoted statutory provisions, it is the trial court that is vested with authority to fix the amount of a stay bond or prescribe the conditions on which a stay may be had pending appeal in all cases where the amount of a stay bond or the conditions on which a stay may be had is to be determined by a court. Langer v. Courier News, 48 ND 280, 183 NW 1009. It is only "when the court or the judge thereof from which the appeal is taken or desired to be taken shall neglect or refuse to make any order or direction not wholly discretionary, necessary to enable the appellant to stay proceedings upon an appeal," that "the supreme court, or one of the

justices thereof, shall make such order or direction." Comp. Laws 1913, § 7836.

It is only where it is shown that any of the sureties to an undertaking "has become insolvent or that his circumstances have become so precarious that there is reason to apprehend that the undertaking is insufficient security," Comp. Laws 1913, § 7835; or "when a party shall in good faith give notice of appeal and shall omit through mistake or accident to do any other act necessary to perfect the appeal to make it effectual or to stay proceedings" (Comp. Laws 1913, § 7840; Burger v. Sinclair, 24 ND 326, 140 NW 235), that the supreme court is authorized to entertain an application and take action in the first instance. In other cases the application must be made to the trial court and it is vested with authority to make determination in the first instance, and the supreme court has power only to review the action of the trial court. Langer v. Courier News, and Burger v. Sinclair, both supra.

The stay of execution or enforcement of an order or judgment pending an appeal is "an independent collateral proceeding," and the appellate proceeding proper remains unaffected thereby. 2 Spelling, New Trial & Appellate Practice, pp. 1183, 1184, § 555. An appeal duly taken and perfected may be determined without regard to whether a stay has been ordered, or whether if ordered it is effective. 2 Spelling, New Trial & Appellate Practice, pp. 1183, 1184, 1190, §§ 555, 558; 4 CJS p 1160, § 679.

The district court does not become shorn of power in a stay proceeding when an appeal is taken from the order or judgment the execution or performance of which is sought to be stayed. 2 Spelling, New Trial & Appellate Practice, pp. 1183, 1184, 1190, §§ 555, 558; State ex rel. Chicago, St. P. M. & O. R. Co. v. District Ct. 136 Minn 455, 161 NW 164; Jameson v. Chanslor-Canfield Midway Oil Co. 173 Cal 612, 160 P 1066; Red Star Motor Drivers' Asso. v. Detroit, 236 Mich 422, 210 NW 496. Section 7836, supra, clearly implies that a district court has power to order a stay either before or after an appeal has been taken; and § 7840, supra, authorizes a district court to "permit an amendment or the proper act to be done on such terms as may be just," when notice of appeal has been given in good faith, and

the appealing party has omitted "through mistake or accident to do any other act necessary . . . to stay proceedings."

A stay order may be vacated for good cause,—such as inadvertence, mistake or fraud. McClintock v. Powley, 210 Cal 333, 291 P 833. The application to vacate should be made to the court which ordered the stay; and where a district court has ordered a stay of proceedings under § 7832, supra, an application to vacate the stay should be made to the district court, and should not be made to the supreme court, in the first instance. McClintock v. Powley, supra; State ex rel. Chicago, St. P. M. & O. R. Co. v. District Ct. 136 Minn 455, 161 NW 164. See also Red Star Motor Drivers' Asso. v. Detroit, 236 Mich 422, 210 NW 496; 15 Enc. Pl. & Pr. pp 352–354; Langer v. Courier News, 48 ND 280, 183 NW 1009, supra.

Moore v. Booker, 4 ND 543, 62 NW 607, does not hold to the contrary. That case did not involve a stay order. It involved an action by the trial court, which if given effect, would have affected the disposition of a case that had been fully argued and submitted to the supreme court before the action of the trial court was had. The effect of and the limitations upon the rule laid down in that case were considered and stated in Coulter v. Great Northern R. Co. 5 ND 568, 67 NW 1046, and in Rindlaub v. Rindlaub, 19 ND 352, 125 NW 479.

Plaintiffs' "motion for default and for judgment" in the district court was predicated upon the following sentence in § 7836, supra: "When the sum or effect of any undertaking is required under the foregoing provisions to be fixed by the court or judge at least twenty-four hours' notice of the application thereof shall be given the adverse party." The failure to give the twenty-four hours' notice did not render the stay invalid. The order would remain in force, and be deemed valid and binding until set aside. Beyer v. Robinson, 32 ND 560, 156 NW 203; Van Fleet, Collateral Attack, pp. 762, 763, § 708; 20 Standard Enc. Procedure, pp. 826, 832; 15 Enc. Pl. & Pr. 328–330. The stay order in this case has not been vacated. The motion made by the plaintiff in the district court was not for a vacation of the stay but "for default and for judgment." On the argument in this court plaintiffs' counsel contended that such motion included a demand that

the stay order be set aside. It is apparent from the trial court's memorandum decision that he did not so construe it, but that he construed it to be what it purported to be a "motion for default and for judgment." In the body of the motion it was stated that the plaintiff at the time and place designated would ask the presiding judge "to declare the defendant to be in default and for judgment as prayed for in the complaint, or for such other and further relief as may be proper." That is the relief and the only relief that was sought. This did not constitute a motion to vacate the stay order. The first and primary object which it was declared the plaintiffs would seek was to have the defendants declared in default and judgment rendered against them.

The effect of the stay order was to stay all further proceedings on the order overruling the demurrer, in accordance with the terms of the stay order. Comp. Laws 1913, § 7838; 4 CJS pp. 1149, 1150; McClintock v. Powley, 210 Cal 333, 291 P 833, supra; Gamet v. Allender, 50 SD 150, 208 NW 782. See also 20 Standard Enc. Procedure, p. 826; 15 Enc. Pl. & Pr. pp. 328–330. As long as the stay order remained effective, the defendants were not in default, and plaintiffs were not entitled to have them adjudged to be in default, and to have judgment rendered against defendants upon the complaint. State ex rel. Florida Warehouse & Dock Co. v. Gibbs, 68 Fla 334, 67 So 104; Reid v. Barry, 90 Fla 772, 107 So 264. The district court was correct in refusing to adjudge the defendants to be in default, and in refusing to order judgment against the defendants. It is not material whether the reasons given by the district court for its decision were tenable or untenable. "It is the correctness of the order, and not the reasons assigned for it by the trial judge" that matters. Davis v. Jacobson & Dinnie, 13 ND 430, 432, 101 NW 314. An order properly made, "will not be reversed despite the fact that the reasons given by the District Court for the order are untenable in the law." Tribune Printing & Binding Co. v. Barnes, 7 ND 591, 75 NW 904; 15 Enc. Pl. & Pr. p. 330.

Plaintiffs are not entitled to a writ commanding the district court to grant their motion for default and for judgment, and the application for such writ is denied.

Plaintiffs' motion in this court for an order by this court quashing

and setting aside the order of stay of proceedings made by the district court must be denied. Whether the stay order should be set aside is a matter properly determinable in the first instance by the district court. Langer v. Courier News, 48 ND 280, 183 NW 1009, supra.

MORRIS, Ch. J., and CHRISTIANSON, BURKE, and NUESSLE, JJ., and GRIMSON, Dist. J., concur.

BURR, J., did not participate, HON. G. GRIMSON, Judge of Second Judicial District, sitting in his stead.