TERRELL, Chief Justice.
The will of Georgie Jaeckel provided a residuary legacy in favor of appellee, Geraldine B. Stibbe. January 25, 1956, the Probate Judge of Palm Beach County decreed said residuary legacy to be null and void for undue influence. On appeal to the Circuit Court the order of the Probate Court was reversed. This appeal is from the latter order.
We are confronted with three motions by appellee Sti’bbe, none of which involves the merits of the cause, as follows: (1) motion to dismiss appeal for failure of appellants to file transcript of record in this Court as required by 31 F.S.A. Rule 34(4) (b), Supreme Court Rules; (2) motion to quash order of the Circuit Court granting appellants an extension of time to file transcript of record on appeal with the Clerk of Circuit Court upon the ground that such procedure is unauthorized by law; (3) motion to quash that portion of the order of the Circuit Court of June 4, 1956, granting appellants supersedeas and fixing supersedeas bond at $3,000 because
(a) The prior order of the Circuit Court of May 22, 1956, had denied appellants’ application to fix the terms of supersedeas bond and is res adjudicata of the question.
(b) That time had long expired under Rule 19(3) (b) within which to apply for and file such bond.
We consider first the motion to dismiss the appeal for failure to file transcript of record in this Court as required by Rule 34(4) (b).
Rule 33 provides that appeals be prosecuted (1) on the original record (2) a transcript of the record, or (3) a stipu *635 lated statement, which shall constitute the record on appeal. Rules 33 and 34 contain detailed instructions for preparation of the record under the three methods for prosecuting appeals. In (1) and (2) appellant elects the method of appeal. In (3) the appellant and appellee stipulate as to what constitutes the record on appeal. Counsel could save litigants thousands of dollars on the preparation of records if (3) were more generally used.
We are confronted here with an appeal in a cause that originated in the Probate Court of Palm Beach County, was appealed to the Circuit Court and thence to this Court. Rule 18 provides that such appeals 'be governed by the Rules of this Court except that “where the record-on-appeal from the county judge’s court to the circuit court contains any portion of the original record in the county judge’s court proceeding appealed, a certified transcript thereof, in lieu of the original, shall be incorporated in the record-on-appeal to this Court.”
Much confusion has arisen among the bar in regard to (2) appeals on “a transcript of record” particularly concerning that portion of Rule 34(4) (b) which provides: “the appellant shall file the same and serve a copy thereof upon the appellee within 50 days from the date the appeal is taken, unless the time is extended * * It is apparent that counsel in this and in other causes were confused by this rule. When read in isolation, Rule 34(4) (b) would seem to indicate that the transcript of record must be lodged in this Court within 50 days after the appeal is taken. However, subsection 6 of Rule 33 deals specifically with appeals on a transcript of record and clearly provides, “ * * * it shall be the duty of the clerk of the court from which the appeal is taken to transmit to this Court within the time provided by Rule 33, paragraph 2, a certified copy of the record prepared in accordance with Rule 34, paragraph 3.” Rule 33(2) provides that the record be lodged in this Court within 90 days after the appeal is taken, unless the time has been reduced or enlarged by the lower court. It follows that the 50-day requirement in Rule 34(4) (b) has reference to lodging the transcript with the clerk of the lower court so that it will 'be available to the parties for preparation of briefs, Rule 36, settlement of any disputes as to' whether the record is correct, etc. Rule 34(3) (f), 34(7).
It was never the purpose of the rules of this Court to create an uncertainty in the time required to file the record here depending upon which type of record is used. To the contrary, the rules were adopted to establish uniform procedure. It is obvious that in most cases more time would be required to prepare a “transcript” than to send up the original record, and to shorten by 40 days the time for ’filing transcript in this Court as compared with an original record would result in discouraging the use of “transcripts,” a result opposite to that sought.
It appears that the present appeal was prosecuted on a transcript of record as provided by Rule 34(4) (b), which requires that appellant shall file the record and serve a copy thereof upon appellee within 50 days from the date appeal is taken, unless the time be extended by the court from which the appeal is taken. It is perfectly apparent that when Rule 18 and Rule 34(4) (b) are read together, the record on appeal to this Court should contain first, a certified transcript of the record on appeal from the county judge’s court to the circuit court, and second, attach thereto transcript of the record from the circuit court to this court, prepared as directed by Rule 34.
The notice of appeal was filed in the Circuit Court March 22, 1956. The record should have been filed with the Clerk of the Circuit Court within 50 days from March 22, 1956, date the appeal was taken, unless the time for filing it be enlarged as provided by Rule 34(4) (b). *636 To comply with the rule the record should have been filed not later than May 11, 1956. It appears that on May 17, 1956, appellants filed with the Circuit Court petition to extend time for filing record in this Court. The Court on May 23, 1956, denied this motion because no ground was given to support the. motion. May 24, 1956, appellants filed motion in Circuit Court to extend time for filing transcript of record with Clerk of the Circuit Court. On the date last mentioned the Court entered an order allowing appellants ten days within which to file transcript of record with the Clerk of Circuit Court. Under this' order the record should have been lodged with the Clerk of the Circuit Court not later than June 3, 1956.
Mingled with this controversy about filing the transcript of record there was another controversy about amending the record and fixing terms and conditions of supersedeas bond. As to controversy about amending the record, it appears that on April 2, 1956, appellants filed “Designation of Proceedings” with the Clerk of the Circuit Court detailing portions of the original record in the County Judge’s Court to be included in the record on appeal in an apparent attempt to comply with Rule 18 of this Court. April 4, 1956, appellants filed amendment to “Designation of Proceedings” so as to make it read “Designation of Proceedings and directions to the Clerk of the trial court for making up- the transcript of record on appeal.” May 29, 1956, movant filed motion in Circuit Court to strike appellants’ document entitled “Designation of proceedings and amendment thereto.” Said motion was denied June 4, 1956.
As to fixing terms and conditions of supersedeas bond, it appears that on May 7, 1956, appellants filed petition with the Circuit Court to fix terms and conditions of supersedeas bond, which petition was denied on May 23, 1956, for failure of appellants to comply with Rule 19(3) (b). The Court felt that under said provision of Rule 19(3) (b) he was not authorized to fix bond at that date absent good and sufficient cause shown by appellant for failure to comply with the rule. June 4, 1956, motion to reconsider order denying petition to fix terms and conditions of supersedeas bond was made and granted and bond fixed at $3,000. The petition for reconsideration recited numerous grounds to explain delay in applying for bond in violation of Rule 19(3) (b). Said bond was filed with the Clerk of Circuit Court as required by order of June 4 above. June 4, 1956, appellants also filed with the Circuit Court certified. transcript of all papers included in the “Designation of Proceedings” filed 'by appellants April 2, 1956.
This is a somewhat lengthy and tedious detail of the proceedings that transpired from March 22, 1956, date the notice of appeal was filed, to June 4, 1956, date the transcript was filed with the Clerk of the Circuit Court. It was in all 74 days or 24 days longer than the rule requires for the lodging of the transcript of record with the Clerk of the 'Circuit Court if counsel had been diligent and had complied with steps required by the rule in taking the appeal.
The delay in perfecting and filing the transcript of record in the Circuit Court was due to indulgences granted counsel for appellants by the court. The same reason may be ascribed for getting terms and conditions of supersedeas bond fixed. The matters involved in the motion to dismiss for failure to file transcript as required by Rule 34(4) (b) and the motion to quash order granting appellants’ extension of time to file transcript of record on appeal with the Circuit Court neither involve jurisdictional questions but they have to do with procedural steps under the rules. It is, of course, essential to the prompt administration of justice that the requirements of the rules be met promptly but it is a fact that the trial court has a reasonable discretion to grant extensions. We can- *637 ¿lot say that his discretion was abused in this case, so the motion to dismiss and. the motion to quash are each denied.
This brings us to the third and final question, 'motion to quash that portion of the order of the Circuit Court of June 4, 1956, granting appellants’ super-sedeas and fixing supersedeas bond at $3,000.
The basis for this motion is (1) the order of the Circuit Court of May 22, 1956, denying appellants’ application to fix terms of the supersedeas bond is res adjudicata of the point; (2) the time had long expired under Rule 19(3) (b) within which application for supersedeas bond could be made and filed if granted. Appellants’ first petition of May 17, 1956, was denied May 23, 1956, because
“The Supreme Court Rule provides that a supersedeas bond shall be filed ‘within the time limited for taking the appeal.’ See Rule 19, sub-section 3(b), Florida Supreme Court Rules. The petition now before the Court relating to the supersedeas bond was not filed until May 17, 1956, and the Court feels that it is without authority to fix the bond at this late date unless some good and sufficient reason is shown for failure to comply with the rule.
“If the lower court can arbitrarily and without cause or reason, permit the doing of such things after expiration of the time fixed by the rules, the rules become meaningless and ineffectual.”
Rule 19(3) (b) and Section 732.20(2,3), Florida Statutes 1955, F.S.A. are identical in substance. The petition of May 17, 1956, came seven weeks after the time for taking appeal and was in violation of Rule 19(3) (b) which provides that an appeal, as matter of right, operates as a super-sedeas in probate cases like that involved here when appellant observes the above quoted language of the trial court. No excuse is shown for delay. The second petition filed June 4, 1956, was granted because the Court thought ample ground was shown for not filing it within the time required by the rule.
The movants contend that Rulp 1.9(3) (b) is exclusive as to supersedeas bond in probate cases and failure to comply with its terms cuts off any right to super-sedeas bond. Appellants contend on the other hand that the Circuit Court may in its discretion, for good cause shown, grant supersedeas bond after the time fixed by Rule 19(3) (b)’ has expired. Appellants also contend that when the order or decree appealed from involves a. probate matter Rule 19(5) authorized the Circuit Judge to fix terms of supersedeas bond. In All Florida Surety Co. v. Coker, Fla., 79 So.2d 762, this Court held that Rule 19(3) (a) and (b) provides super-sedeas as matter of right only in (1) final money judgments or decrees and (2) certain judgments and decrees in probate and guardianship cases, and cases involving estates of infants.
In our view Rule 19(5) is generally applicable to all classes of appealable judgments and decrees, including those in probate cases. Under this provision of the rule, the granting or denial of’ superse-deas rests in the discretion of the court from whose judgment the appeal is taken and may be granted any time before the record on appeal is lodged in this Court. If supersedeas is granted under this section, the Court will consider the elements in Rule 19(9). Orders entered under Rules 19(3) (a), 19(3) (b), and 19(5) are reviewable by this Court under Rule 19(10).
It follows that the motion to quash that portion of the order of the Circuit Court of June 4, 1956, granting appellants su-persedeas and fixing supersedeas bond at $3,000 be, and the same, is, hereby denied.
DREW and THORNAL, JJ., and WALKER, Associate Justice, concur.