PER CURIAM.
The appellant, incident to an appeal from a final judgment pursuant to an order entered in the trial court, posted a supersedeas bond and, thereafter, prior to the record on appeal being lodged in this court, attempted to substitute collateral on that bond by appropriate motion in the trial court. The trial court denied the motion, apparently upon the theory that it lacked jurisdiction to consider a substitution of collateral on a supersedeas bond. The appellant has now filed this instant motion, seeking to secure an order of this court approving a substitution of collateral on a supersedeas bond.
We deem the initial question presented to be whether or not a trial judge, who has issued a supersedeas order, has the authority to permit the substitution of collateral posted in connection with the super-sedeas bond, prior to the filing of a record on appeal in this court. We answer this in the affirmative.
The prevailing view in this country, at the present time, seems to be that in the absence of a statute or rule to the contrary the power to modify a supersedeas order rests in the appellate court, when jurisdiction of the cause has been transferred to the appellate court by filing of the notice of appeal. See 4A C.J.S. Appeal and Error §§ 634, 6SS, 658. However, the theory advanced in 1 F.L.P., Appeals, § 122, is that the trial courts in this State have the power of modification of an order for supersedeas at any time prior to the filing of the record in the appellate court. This is so because, by appellate rule, the fixing of supersedeas has been vested in the discretion of the trial judge. See: F.A.R. 5.5, 31 F.S.A., which was interpreted in In re Jaeckel’s Estate, Fla., 92 So.2d 633, 637, as reserving the power to grant or deny supersedeas in the trial court until the record on appeal lodges in the appellate court. This case clearly shows that Florida has made an exception to the general rule pertaining to the granting of supersedeas by the trial court, after jurisdiction of the cause has vested in the appellate court. Having once excepted to the general rule pertaining to supersedeas, and based on the theory that a stay is an independent “collateral proceeding” not affecting the appellate proceeding, it would seem that an application to modify the supersedeas order should be made to the court ordering the supersedeas. See: Bonde v. Stern, N.D.1943, 72 N.D. 476, 8 N.W.2d 457.
It is our opinion that the trial court would have the authority over its supersedeas orders until the record on appeal lodges in the appellate court; and the trial court could modify or vacate the supersedeas order or permit the substitution of collateral at its discretion, subject to review by the appellate court under F.A.R. 5.10.
Therefore, the motion seeking an order of this court, permitting the substitution of collateral, is denied without prejudice to the appellant to apply for an appropriate order in the trial court, in accordance with the views above expressed.
Motion denied.