Bertha M. SCHMIDT, Odelia Tishmack, Angeline Mahrer and Ralph J. Frank, Plaintiffs and Respondents,

v.

Leo R. FRANK, also known as L. Richard Frank, Ronald Frank, Eleanor Frank and Rose Mary Frank, Defendants and Petitioners.

No. 8346.

Supreme Court of North Dakota.

Aug. 16, 1966.

Vogel & Bair, Mandan, for plaintiffs and respondents.

Sperry & Schnell, Bismarck, for defendants and petitioners.

STRUTZ, Judge.

The above matter first came before this court on an appeal from a judgment in an action to partition certain real property which the parties held as tenants in common. The judgment thus appealed from partitioned a portion of the land and ordered that the land which was not partitioned be sold.

On such appeal, this court affirmed the trial court's determination of the interests of the parties and reversed that part of the judgment specifically partitioning the land, and remanded the case with instructions to the trial court to request a report from the referee appointed or to terminate his appointment and appoint a new referee or referees pursuant to law, so that the court may receive a referee's or referees' report. We also ordered that if the appraiser's report is to be used by the referee, it should be made a part of the record. We further suggested that, on proper motion, hearing be had on the referee's report. Schmidt v. Frank (N.D.), 140 N.W.2d 588.

Upon remittitur to the district court for further proceedings, the trial judge, without waiting for the referee's report, on March 17, 1966, entered an ex-parte order awarding temporary possession of portions of the land to various parties. This order further restrained each of the parties from interfering with the possession of the land so temporarily awarded to other parties in the action.

The defendants thereupon made an application to the trial court for a vacation of such ex-parte order which temporarily partitioned the land, and for a stay of such order, which application, after hearing, was denied. An appeal from such order then was taken to this court, with demand for a trial de novo. The defendants then made application to this court for a stay of the trial court's order. The matter was set for argument and hearing on the motion was had on June 16, 1966, at 9:30 a. m.

The defendants contend that the order of the trial court changed the possession of the various tracts to conform exactly to the interlocutory decree which this court, in its previous opinion, had set aside. They contend that that order, in fact, changed possession of the various tracts of land from what it had been from 1951 to the date of the order, and they argue that, since this allegedly is a temporary order only, it was an abuse of discretion on the part of the trial court to so radically change the status quo which had existed for more than fifteen years.

The trial court is vested with a wide discretion in determining whether a stay shall be granted upon an appeal. Bonde v. Stern, 72 N.D. 476, 8 N.W.2d 457. Whether there shall be a stay of proceedings pending an appeal from an order awarding temporary possession of land in a partition action therefore is a matter within the sound discretion of the trial court. The defendants moved for such stay in the district court, and it was within the discretion of that court to grant such stay and to prescribe the conditions on which a stay should become effective, or to deny the motion for such stay. The trial court, in its discretion, denied the stay. We cannot say that this action was an abuse of the discretion which it had in the matter. It may be that, under the circumstances, where possession of the various tracts of land had been in certain individuals for more than fifteen years, the trial court, in exercising its discretion, might well have maintained the status quo. But it did not see fit to do so. We cannot say that the trial court's action in entering the order for temporary possession which it did enter was an abuse of discretion. We believe that, inasmuch as the persons to whom the various tracts were given under such order had already gone into possession and had seeded crops for the 1966 farming season before such matter came to this court on motion for stay, a greater confusion and injustice might result if this court now stayed the trial court's order than would be caused by the temporary order complained of.

It will be noted that the plaintiffs served motion to dismiss the defendants' appeal from the order of the district court, on the ground that such order is not appealable. However, this motion has not been noticed for hearing and, although it is argued in plaintiffs' brief on the motion for stay, it is not properly before us.

Since we do not find that the trial court abused its discretion in entering the order, the motion for stay is denied.

TEIGEN, C. J., and MURRAY, ERICKSTAD and KNUDSON, JJ., concur.